CLARA L. HOYT, ADMINISTRATRIX (ESTATE OF WILLIAM
J. HOYT) *v.* SECOND TAXING DISTRICT OF THE
CITY OF NORWALK ET AL.

BOGDANSKI, C. J., PETERS, PARSKEY, ARMENTANO and DALY, Js.

Argued March 4—decision released April 14, 1981

*Amy Rollason Feran,* with whom was *Lawrence W. Kanaga,* for the appellant (plaintiff).

*Robert J. Cooney,* with whom was *Christopher R. Loomis,* for the appellee (defendant Fred Fullin).

PER CURIAM. The plaintiff's decedent was guiding a length of pipe which was attached to a power shovel operated by his employer, the defendant Fred Fullin. The power shovel boom came in contact with overhead electrical wires, electrocuting the plaintiff's decedent. In response to a negligence action brought by the plaintiff, the defendant Fred Fullin pleaded that the workers' compensation act provided the exclusive remedy in the case. The trial court agreed, granting Fullin's motion for summary judgment; the plaintiff has appealed.

The plaintiff relies on two arguments to overcome the obstacle created by General Statutes § 31-284

(a).[1] First, she contends that Fullin was a "fellow employee" within the meaning of § 31-293a[2] because he was operating the power shovel at the time of the accident. In *Velardi* v. *Ryder Truck Rental, Inc.*, 178 Conn. 371, 376–77, 423 A.2d 77 (1979), we rejected this argument holding that "[s]o long as the employer and the alleged tortfeasor are one, the plaintiff is limited to the benefits provided by [workers'] compensation." Id., 377.

---

[1] "[General Statutes] Sec. 31-284. BASIC RIGHTS AND LIABILITIES. (a) An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as follows, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter, provided nothing herein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits."

[2] "[General Statutes] Sec. 31-293a. NO RIGHT AGAINST FELLOW EMPLOYEE; EXCEPTION. If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee except for negligence in the operation of a motor vehicle as defined in section 14-1 or unless such wrong was wilful or malicious. No insurance policy or contract shall be accepted as proof of financial responsibility of the owner and as evidence of the insuring of such person for injury to or death of persons and damage to property by the commissioner of motor vehicles required by chapter 246 if it excludes from coverage under such policy or contract any agent, representative or employee of such owner from such policy or contract. Any provision of such an insurance policy or contract effected after July 1, 1969, which excludes from coverage thereunder any agent, representative or employee of the owner of a motor vehicle involved in an accident with a fellow employee shall be null and void."

The plaintiff maintains, in the alternative, that even if the defendant Fullin is not amenable to suit as an employer, he is subject to liability as the owner of the vehicle which inflicted the harm. To support her position, the plaintiff points to language in § 31-293[3] which allows an employer who has been named as a party defendant in an action brought by an employee against a third person to "join as a party plaintiff in such action." General Statutes § 31-293. From this reference to an employer being named as a party defendant in an action, the plaintiff leaps to the conclusion that the legislature intended employers to be liable in their capacity as

---

[3] "[General Statutes] Sec. 31-293. LIABILITY OF THIRD PERSONS TO EMPLOYER AND EMPLOYEE. When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provision of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate. In any case in which an employee brings an action against a third party in accordance with the provisions of this section, and the employer is a party defendant in such action, the employer may join as a party plaintiff in such action. The bringing of any such action against an employer shall not constitute notice to such employer within the meaning of this section. If such employer and employee join as parties plaintiff in such action and any damages are recovered, such damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the pro-

owners[4] of injury-inflicting devices. We cannot conclude from the mere provision for realignment of parties under certain circumstances that the legislature intended to contradict what it had clearly and unambiguously stated in § 31-284.

There is no error.

ceeds of such recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting such recovery. The rendition of a judgment in favor of the employee or the employer against such party shall not terminate the employer's obligation to make further compensation, including medical expenses, which the compensation commissioner thereafter deems payable to such injured employee. If the damages, after deducting the employee's expenses as provided above, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee. No compromise with such third person by either employer or employee shall be binding upon or affect the rights of the other, unless assented to by him. For the purposes of this section the employer's claim shall consist of (1) the amount of any compensation which he has paid on account of the injury which is the subject of the suit and (2) an amount equal to the present worth of any probable future payments which he has by award become obligated to pay on account of such injury. The word "compensation," as used in this section, shall be construed to include not only incapacity payments to an injured employee and payments to the dependents of a deceased employee, but also sums paid out for surgical, medical and hospital services to an injured employee, the one thousand dollar burial fee provided by law and payments made under the provisions of sections 31-312 and 31-313."

[4] Because the allegations of negligence all relate to the defendant's capacity as an operator of the power shovel rather than his role as its owner, there is no occasion for us even to consider whether the "dual capacity" doctrine; see 2A Larson, Workmen's Compensation § 72.80; would apply to this case.