[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff brought this action based on an automobile collision which occurred in Missouri in 1988. A revised complaint was filed on October 10, 1990 which alleges that the plaintiff was CT Page 7921 a passenger in an automobile owned by her employer, the defendant. The plaintiff asserts she is entitled to maintain this action pursuant to Connecticut General Statutes 31-293a.
The language of the statute is clear and unambiguous. It provides for a remedy against a fellow employee if injury results from that employee's negligence in the operation of a motor vehicle. Rivera v. Fox, 20 Conn. App. 619, 623 (1990). This statute provides only a narrow exception for certain cases otherwise arising under the Workers' Compensation Act.
"An employee who has a right to benefits under the Workers' Compensation Act is barred from pursuing an action against his employer for damages for personal injury." McKinley v. Musshorn,185 Conn. 616, 619 (1981). The plaintiff cites no case law which persuasively supports her position. The respondeat superior argument advanced at oral argument might be analogized to an argument rejected by the Supreme Court in Hoyt v. Second Taxing District, 183 Conn. 508, 510-511 (1981).
There is no language in C.G.S. 31-293a which authorizes a lawsuit against the common employer of the plaintiff and a fellow employee arising out of the fellow employee's negligence in the operation of a motor vehicle. As the plaintiff has admitted that she was an employee of the defendant, acting within the scope of her employment at the time of the accident, the plaintiff's action is barred by the exclusivity provisions of C.G.S. 31-284.
The Motion for Summary Judgment is granted.
BY THE COURT GORDON, J.