RICHARD SZCZAPA *v.* UNITED PARCEL
SERVICE, INC.
(AC 18541)

Schaller, Spear and Hennessy, Js.

Argued September 28, 1999—officially released January 11, 2000

*Neil Johnson,* for the appellant (plaintiff).

*Bernard F. Gaffney,* for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff appeals from the judgment rendered by the trial court after granting the defendant's motion to strike the plaintiff's complaint. On appeal, the plaintiff claims that the trial court improperly determined that General Statutes § 31-293a[1] does

---

[1] General Statutes § 31-293a provides: "If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1. For purposes of this section, contractors' mobile equipment such as bulldozers, powershovels, rollers, graders or scrapers, farm machinery, cranes, diggers, forklifts, pumps, generators, air compressors, drills or other similar equipment designed for use principally off public roads are not 'motor vehicles' if the claimed injury involving such equipment occurred at the worksite on or after October 1, 1983. No insurance policy or contract shall be accepted as proof of financial responsibility of the owner and as evidence of the insuring of such person for

not permit him to bring an action against his employer on the theory of vicarious liability for the negligence of the plaintiff's fellow employee in the operation of a motor vehicle. We affirm the judgment of the trial court.

The following facts are necessary to our resolution of this appeal. On June 7, 1995, the plaintiff, Richard Szczapa, who was an employee of the defendant, United Parcel Service, Inc., was injured while working on the defendant's truck loading dock. While the plaintiff had one foot on the dock and one foot on a tractor trailer truck, a fellow employee negligently moved the truck away from the loading dock, thereby causing the plaintiff to suffer injuries. The plaintiff, who was acting within the scope of his employment at the time of his injury, received workers' compensation benefits from his employer.

The plaintiff commenced an action against the defendant to recover damages for his personal injuries. The defendant moved to strike the plaintiff's complaint, asserting that an employee cannot maintain a claim against his employer pursuant to General Statutes § 31-284 (a) of the Workers' Compensation Act (act). The plaintiff objected to the motion to strike claiming that, under § 31-293a, an employee is allowed to assert a tort claim against a fellow employee and against the owner of the vehicle when the claim involves the fellow employee's negligent operation of a motor vehicle. The trial court, in granting the defendant's motion to strike,[2] held that § 31-293a does not allow a plaintiff to bring

---

injury to or death of persons and damage to property by the Commissioner of Motor Vehicles required by chapter 246 if it excludes from coverage under such policy or contract any agent, representative or employee of such owner from such policy or contract. Any provision of such an insurance policy or contract effected after July 1, 1969, which excludes from coverage thereunder any agent, representative or employee of the owner of a motor vehicle involved in an accident with a fellow employee shall be null and void."

[2] The trial court, thereafter, granted the plaintiff's motion for judgment.

a direct cause of action against his employer on the basis of vicarious liability for the negligence of a fellow employee in the operation of a motor vehicle.

The purpose of a motion to strike is to challenge the legal sufficiency of a pleading. *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 108, 491 A.2d 368 (1985); *Ivey, Barnum & O'Mara* v. *Indian Harbor Properties, Inc.*, 190 Conn. 528, 530 n.2, 461 A.2d 1369 (1983). "The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) *Dodd* v. *Middlesex Mutual Assurance Co.*, 242 Conn. 375, 378, 698 A.2d 859 (1997), quoting *Napoletano* v. *CIGNA Healthcare of Connecticut, Inc.*, 238 Conn. 216, 232–33, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S. Ct. 1106, 137 L. Ed. 2d 308 (1997).

We note at the outset that General Statutes (Rev. to 1995) § 31-284 (a) provides in relevant part: "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained . . . ." The purpose of the act is to compensate workers for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on employers. *Jett* v. *Dunlap*, 179 Conn. 215, 217, 425 A.2d 1263 (1979); *Klapproth* v. *Turner*, 156 Conn. 276, 279, 240 A.2d 886 (1968). Under the act, an employee compromises his right to a common-law tort action against his employer for work-related injuries in exchange for relatively quick and certain compensation. *Mingachos* v. *CBS, Inc.*, supra, 196 Conn. 97. Our Supreme Court has long recognized that "where a worker's personal injury is covered by the act, statutory compensation is the sole remedy and recovery in common-law tort against the employer is

barred." *Jett* v. *Dunlap*, supra, 217; *Mancini* v. *Bureau of Public Works*, 167 Conn. 189, 193, 355 A.2d 32 (1974); *Crisanti* v. *Cremo Brewing Co.*, 136 Conn. 529, 531, 72 A.2d 655 (1950).[3]

The plaintiff in this case claims that § 31-293a grants an employee a right of action against an employer when the employee has sustained injuries resulting from the negligent operation of a motor vehicle by a fellow employee. The relevant portion of § 31-293a provides: "If an employee . . . has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee . . . and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle . . . ."

"In construing any statute, we seek to ascertain and give effect to the apparent intent of the legislature." *Brennan* v. *Burger King Corp.*, 46 Conn. App. 76, 82, 698 A.2d 364 (1997), aff'd, 244 Conn. 204, 707 A.2d 30 (1998); see *American Universal Ins. Co.* v. *DelGreco*, 205 Conn. 178, 193, 530 A.2d 171 (1987). If the language of the statute is plain and unambiguous, we will not look beyond the words themselves because we will assume that the language expresses the legislative intent. *American Universal Ins. Co.* v. *DelGreco*, supra, 193; *Mazur* v. *Blum*, 184 Conn. 116, 118–19, 441 A.2d 65 (1981). We are mindful that "[e]very word in a legislative enactment is presumed to have meaning." *Mingachos*

---

[3] Our Supreme Court has, however, carved out two exceptions to the exclusivity of the act. *Panaro* v. *Electrolux Corp.*, 208 Conn. 589, 599, 545 A.2d 1086 (1988); *Blancato* v. *Feldspar Corp.*, 203 Conn. 34, 43, 522 A.2d 1235 (1987) (allowing illegally employed minor to state cause of action against his employer); *Jett* v. *Dunlap*, supra, 179 Conn. 221 (permitting action against employer by employee for intentional torts committed by employer).

v. *CBS, Inc.*, supra, 196 Conn. 98; *State* v. *Freedom of Information Commission*, 184 Conn. 102, 107, 441 A.2d 53 (1981); *State ex rel. Kennedy* v. *Frauwirth*, 167 Conn. 165, 168, 355 A.2d 39 (1974). Furthermore, in construing the meaning of a statute, "courts do not torture words to import ambiguity where the ordinary meaning leaves no room for it." *Heffernan* v. *Slapin*, 182 Conn. 40, 46, 438 A.2d 1 (1980).

On several occasions, this court and our Supreme Court have resolved issues involving a plaintiff's attempt to maintain an action against his employer, contrary to the general rule set forth in § 31-284 (a) mandating that workers' compensation benefits are an employee's sole remedy against an employer for personal injuries arising out of and in the course of his employment. In *Velardi* v. *Ryder Truck Rental, Inc.*, 178 Conn. 371, 423 A.2d 77 (1979), the plaintiff filed suit, under § 31-293a, against his employer for injuries sustained in a motor vehicle accident allegedly resulting from the employer's negligent operation of a motor vehicle. Our Supreme Court rejected the plaintiff's argument that the defendant was a "fellow employee" within the meaning of § 31-293a and held that "[s]o long as the employer and the alleged tortfeasor are one, the plaintiff is limited to the benefits provided by [workers'] compensation." Id., 377.

Likewise, in *Hoyt* v. *Second Taxing District*, 183 Conn. 508, 439 A.2d 428 (1981), our Supreme Court denied the plaintiff a cause of action against her decedent's employer. The court rejected the plaintiff's arguments made under §§ 31-293 and 31-293a advocating circumvention of the obstacle set forth in § 31-284 (a).

In *Hoyt*, the first assertion of the plaintiff essentially mirrored the plaintiff's argument in *Velardi*, claiming that the employer was a "fellow employee" within the meaning of § 31-293a because the employer was

operating the power shovel that allegedly injured the plaintiff's decedent at the time of the accident. Id., 509. In her second assertion, the plaintiff maintained, as did the plaintiff in *Velardi*, that the defendant should be liable as the owner of the vehicle that caused the decedent's injuries. In *Hoyt*, the plaintiff also relied on the language of § 31-293, which authorizes "an employer who has been named as a party defendant in an action brought by an employee against a third party 'to join as a party plaintiff in such action.'" Id., 510. Ultimately, our Supreme Court refused to "conclude from the mere provision for realignment of parties under certain circumstances that the legislature intended to contradict what it had clearly and unambiguously stated in § 31-284." Id., 511.

As in *Velardi* and *Hoyt*, the plaintiff in this case seeks to escape the mandates of § 31-284 by claiming that the employer is, in essence, a "fellow employee" based on the theory of vicarious liability. While it is true that employers are generally liable for the actions of their employees, we cannot conclude that the legislature intended employees and employers to be treated alike for the purposes of § 31-293a. Indeed, as articulated in *Velardi*, if "the employer and the alleged tortfeasor are one, the plaintiff is limited to the benefits provided by [workers'] compensation." *Velardi v. Ryder Truck Rental, Inc.*, supra, 178 Conn. 377.

Furthermore, the plaintiff's argument that the defendant should be liable to the plaintiff as the owner of the motor vehicle duplicates the argument advanced by the plaintiff in *Hoyt*, which our Supreme Court rejected. The court noted that such a reading of the statute would "contradict what [the legislature] had clearly and unambiguously stated in § 31-284." *Hoyt v. Second Taxing District*, supra, 183 Conn. 511; see also *Christopherson v. Hallmark Cards, Inc.*, 27 Conn. App. 917, 606 A.2d 1333, cert. denied, 223 Conn. 910, 612 A.2d 55 (1992) (per

curiam opinion affirming trial court decision barring employee from maintaining action against employer for injuries sustained in automobile accident when employee passenger in automobile owned by employer).

In the present case, we follow the previous holdings in *Velardi*, *Hoyt* and *Christopherson* and conclude that § 31-293a does not authorize the plaintiff's action against his employer arising out of a fellow employee's negligent operation of the employer's motor vehicle.

The trial court's granting of the defendant's motion to strike the plaintiff's complaint was, therefore, proper.

The judgment is affirmed.

In this opinion the other judges concurred.