[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#115)
This action arises out of a dispute over fees to be paid to the plaintiff, Curtis Jones Associates for services and materials used in the construction of improvements to property owned by the defendant, CT Page 8586 Joseph Gilroy (Gilroy). The plaintiff's operative second amended complaint, filed on April 26, 1999, asserts three counts against the defendants, Gilroy and Western Surety Company (Western Surety). In the first count, the plaintiff alleges that the defendant Gilroy has failed to pay the outstanding balance under the parties' agreement. In the second count, the plaintiff alleges that the defendant Gilroy has been unjustly enriched.
In the third count the plaintiff asserts a claim against the defendant Western Surety for sums adjudged payable to the plaintiff by the defendant Gilroy. The plaintiff alleges that on January 22, 1997, the plaintiff filed a mechanic's lien with the Town of Southbury. The plaintiff further alleges that a bond with the defendant, Western Surety, dated May 23, 1993, was substituted for the mechanic's lien pursuant to court order in Gilroy v. Curtis Jones d/b/a/ Curtis Jones and Assoc., Superior Court, judicial district of Waterbury, Docket No. 97-138959, (June 24, 1997, Murray, J.).
The defendant Western Surety filed a motion to dismiss claiming that the plaintiff failed to bring this action within the statute of limitations provided in General Statutes § 49-37(a). This Court denied the motion. See Curtis Jones Assoc. v. Gilroy, Superior Court, judicial district of Waterbury, Docket No. 140199 (September 14, 1999., West, J.).
The defendants revised answer contains nine special defenses. The defendants also filed a counterclaim asserting two counts, that the plaintiff breached the contract and that the plaintiff acted fraudulently. The plaintiff has filed a motion to strike the first, second, fourth, fifth, sixth, seventh, eighth, and ninth special defenses and the second count of the counterclaim.
"The purpose of a motion to strike is to challenge the legal sufficiency of a pleading." Szczapa v. United Parcel Svc., Inc.,56 Conn. App. 325, 328, 743 A.2d 622, cert. denied, 252 Conn. 951, ___ A.2d ___ (2000). "[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action . . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496, 495 A.2d 286 (1985). Additionally, "a plaintiff can [move to strike] a special defense . . . ." Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978); see also Connecticut NationalBank v. Voog, 233 Conn. 352, 354-55, 659 A.2d 172 (1995); Girard v.Weiss, 43 Conn. App. 397, 417, 682 A.2d 1078, cert. denied, 239 Conn. 946
CT Page 8587 (1996).
"In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]." Faulkner v. United Technologies Corporation,240 Conn. 576, 580, 693 A.2d 293 (1997). The court "must take as true the facts alleged in the [pleading] and must construe the [pleading] in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, supra, 270-71. "Moreover, . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted.) Pamela B. v. Ment,244 Conn. 296, 308, 709 A.2d 1089 (1998).
I. First and Fifth Special Defenses
The defendants' first special defense is that the Court is without jurisdiction to adjudicate the matter with respect to the defendant Western Surety because the plaintiff failed to comply with the statute of limitations set forth in General Statutes § 49-37(a). The defendants' fifth special defense is that the defendant Western Surety has been discharged by virtue of General Statutes § 49-37(a).
This Court previously addressed General Statutes § 49-37 (a) and decided that the plaintiff complied with the statute of limitations in § 49-37 (a) in the Court's Memorandum of Decision denying the defendant's motion to dismiss, which is the law of the case. Curtis Jones Assc. v. Gilroy, Superior Court, judicial district of Waterbury, Docket No. 140199 (September 14, 1999, West, J.). "Where a matter has previously been ruled upon interlocutorily the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." McCarthy v. McCarthy, 55 Conn. App. 326,332-33, ___ A.2d ___ (1999). The defendants have not presented any new or overriding circumstance for the Court to consider with regard to the operation of General Statutes § 49-37 (a), thus the Court finds that the Court's reasoning in Curtis Jones Assc. v. Gilroy, Superior Court, judicial district of Waterbury, Docket No. 140199 (September 14, 1999, West, J.), in which the Court denied the defendants' motion to dismiss, is the law of the case. Therefore, the plaintiff's motion to strike the defendants' first special defense is granted because this Court has already determined that the plaintiff complied with the statute of limitations in § 49-37(a). Furthermore, the plaintiff's motion to strike the defendants' fifth special defense is granted because the defendant Western Surety has not been discharged by virtue of §49-37(a). CT Page 8588
II. Second and Sixth Special Defenses
The defendants' second special defense is that the defendant Gilroy made payment to the plaintiff of all amounts due pursuant to any agreement. The defendants' sixth special defense alleges that the plaintiff and the defendant have entered into an accord and satisfaction. The plaintiff claims that the second and sixth special defenses are not supported by factual allegations as required in Practice Book §10-1. "[T]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." (Citations omitted; internal quotation marks omitted.) Normand Josef Enterprises v. Connecticut National Bank,230 Conn. 486, 496, 646 A.2d 1289 (1994).
The defendants state in their second special defense that "[t]he defendant Joseph Gilroy has made payment in full of any and all amounts which may be due to the Plaintiff pursuant to any agreement which may exist between the parties. The writing between the parties calls for the payment of a sum certain, which amount has been tendered by Defendant Joseph Gilroy." Additionally, the defendants state in their sixth special defense that "[t]he Plaintiff assured the Defendant, prior to Plaintiff's trip to Colorado, that the amount he was seeking to be paid at that time was full and total payment of all amounts due to Plaintiff." Thus, in construing the defendants' pleadings broadly and realistically, the Court finds that the defendants have stated sufficient facts to fully disclose the ground for payment in the second special defense and for accord and satisfaction in the sixth special defense in compliance with Practice Book § 10-1.
The plaintiff further claims that the defendant should be required to elect between the defense of payment raised in his second special defense and the defense of accord and satisfaction asserted in the sixth special defense because they are inconsistent claims. The defendant, however, may assert inconsistent claims.
"It may once have been true that a plaintiff could not assert two theories of recovery in the same action. . . . The fact-based pleadings now in use can support in a single action previously incompatible theories and there is no requirement that the plaintiff plead the legal effect of those facts. Practice Book 109, 110 [now §§ 10-2, 10-4]. Generally, if two theories are alleged in the same pleading, it is for the trier of fact to determine whether the plaintiff has proved both, CT Page 8589 neither, or but one of them." (Citations omitted; internal quotation marks omitted.) Burns v. Koellmer, 11 Conn. App. 375, 385, 527 A.2d 1210
(1987). Therefore, the defendant may plead inconsistent special defenses, and it is for the trier of fact to determine whether the defendant has met his burden of proof with regard to either of the special defenses. The plaintiff's motion to strike the defendants' second and sixth special defenses is, therefore, denied.
III. Fourth, Seventh, Eighth and Ninth Special Defenses
The defendants state in their fourth, seventh, eighth and ninth special defenses that "[t]he facts supporting this Special Defense are more particularly set forth in the Defendant's Counterclaim." The plaintiff claims that these special defenses are legally insufficient because they are not supported by factual allegations as required by Practice Book § 10-1. Although the defendants may state facts in their counterclaim that support their claims in their special defenses, the defendants have failed to set out a plain and concise statement of the material facts in the pleading containing the special defenses in compliance with Practice Book § 10-1. Therefore, the plaintiff's motion to strike the defendants fourth, seventh, eighth and ninth special defenses is granted.
IV. Second Count of Counterclaim
Lastly, the plaintiff moves to strike the defendants' second count of their counterclaim in which the defendants allege that the plaintiff acted fraudulently against the defendant Gilroy. The plaintiff claims that the second count of the counterclaim does not allege all of the elements of fraud. "The essential elements of an action in common law fraud . . . are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury."Barbara Weisman, Trustee v. Kaspar, 233 Conn. 531, 539, 661 A.2d 530
(1995) . The defendants have failed to allege that the plaintiff knew that the plaintiff's statements to the defendant Gilroy were false. Therefore, the defendants' second count of the counterclaim sets forth a legally insufficient cause of action for fraud, and the plaintiff's motion to strike the second count of the defendants second count of the counterclaim is granted.
Accordingly, the plaintiff's motion to strike is granted as to the first, fourth, fifth, seventh, eighth and ninth special defenses and the second count of the counterclaim. The plaintiff's motion to strike is denied as to the second and sixth special defenses. CT Page 8590
 ________________________, J. THOMAS G. WEST