[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE RULING ON MOTION FOR SUMMARY JUDGMENT (#123)
The plaintiff, Elmer Cruz, filed a complaint against the defendants Lewis Tree Service, Fernando Lage, and Dufour Transportation, on March 31, 1999. The plaintiff alleges that he was a passenger in a motor vehicle that was operated by Lage, and was owned by Lewis Tree Service. The plaintiff further alleges that a collision occurred on July 24, 1997. The plaintiff alleges that the collision was due to the negligence of Lage and Degan.
Lewis Tree Service filed a motion to join as co-plaintiff and filed an intervening complaint on June 22, 1999, which was granted on August 19, 1999. Lewis Tree Service alleges in its intervening complaint that the plaintiff was in its employ, and that the plaintiff's injuries from said collision arose out of the plaintiff's employment with Lewis Tree Service. Lewis Tree Service further alleges that it has expended sums in accordance with the Worker's Compensation Act, and may become obliged to expend sums in the future. Lewis Tree Service claims that any damages received in the plaintiff's action shall be paid and apportioned so that Lewis Tree Service will be reimbursed.
Lewis Tree Service filed a motion for summary judgment as to being a defendant in the plaintiff's action on March 6, 2000, and filed a memorandum of law in support of their motion for summary judgment pursuant to Practice Book § 11-10. Cruz filed an objection to this motion for summary judgment on March 16, 2000. Lewis Tree Service filed a reply to the plaintiff's objection on March 23, 2000. CT Page 9351
"We begin with the appropriate standard of review . . . Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381 [now § 17-46] . . . ." (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's MedicalCenter, 252 Conn. 363, 368, 746 A.2d 753 (2000).
Lewis Tree Service argues that it is entitled to judgment as a matter of law because General Statutes § 31-284 (a) operates as a complete bar to the plaintiff's action against his employer. Lewis Tree Service asserts that in the instant complaint, the plaintiff has instituted suit against Lewis Tree Service, the plaintiff's employer. General Statutes § 31-284 (a) provides in relevant part: "An employer . . . shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment. . . ." "Connecticut first adopted a statutory scheme of workers' compensation in 1913. The purpose of the [act] . . . is to provide compensation for injuries arising out of and in the course of employment, regardless of fault . . . Under the statute, the employee surrenders his right to bring a common law action against the employer, thereby limiting the employer's liability to the statutory amount. . . . In return, the employee is compensated for his or her losses without having to prove liability. . . . In a word, these statutes compromise an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation . . . The intention of the framers of the act was to establish a speedy, effective and inexpensive method for determining claims for compensation. . . ." (Citations omitted; internal quotation marks omitted.) Doe v. YaleUniversity, 252 Conn. 641, 672, ___ A.2d ___ (2000). "Therefore, [t]he act provides the exclusive remedy to employees sustaining work related injuries or death from such injuries caused by the negligence or wrong of a fellow employee . . ." (Citations omitted; internal quotation marks omitted.) Panaro v. Electrolux Corp., 208 Conn. 589, 599, 545 A.2d 1086
(1988).
The plaintiff argues that the Worker's Compensation Act allows for an exception to its exclusivity, and allows recovery when the injury is CT Page 9352 caused by a fellow employee's negligent operation of a motor vehicle. "General Statutes 31-293a provides that the right to compensation shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee. The only exceptions, specifically set out in 31-293a, are a wilful or malicious wrong or an action based on a fellow employee's operation of a motor vehicle." (Citations omitted; internal quotation marks omitted.) Panaro v.Electrolux Corp., supra, 208 Conn. 597-98. Thus, the plaintiff claims that § 31-293a[1] grants an employee a right of action against an employer when the employee has sustained injuries resulting from the negligent operation of a motor vehicle by a fellow employee. "In construing any statute, we seek to ascertain and give effect to the apparent intent of the legislature . . . . If the language of the statute is plain and unambiguous, we will not look beyond the words themselves because we will assume that the language expresses the legislative intent. . . . We are mindful that [e]very word in a legislative enactment is presumed to have meaning . . . . Furthermore, in construing the meaning of a statute, courts do not torture words to import ambiguity where the ordinary meaning leaves no room for it . . . ." (Citations omitted; internal quotation marks omitted.) Szczapa v. United Parcel Service, Inc., 56 Conn. App. 325, 329-30, 743 A.2d 622, cert. denied,252 Conn. 951, ___ A.2d ___ (2000). General Statutes "§ 31-293a does not authorize the plaintiff's action against his employer arising out of a fellow employee's negligent operation of the employer's motor vehicle." Id., 332. "The legislative history indicates that the purpose of the fellow employee rule was recognized by the legislature and the exceptions were the result of deliberate consideration of competing policy concerns." Panaro v. Electrolux Corp., supra, 208 Conn. 600.
The exception in General Statutes § 31-293a does not authorize the plaintiff's action against the defendant employer arising out of a fellow employee's negligent operation of a motor vehicle, and therefore, the exclusivity provision of the Workman's Compensation applies.
Accordingly, the instant motion for summary judgment is granted.
BY THE COURT
PETER EMMETT WIESE, J.