[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE NO. 110
On March 23, 2001, the plaintiff, David J. Jossick, filed a two count amended complaint. Count one alleges that the plaintiff was injured on January 28, 2000, when a vehicle owned by the defendant, Dorrie Carolan, and driven by the defendant, Kevin Carolan, negligently collided with the plaintiffs vehicle. Count two alleges that the plaintiff was injured when Kevin Carolan, operating the vehicle reckless manner, in violation of General Statutes § 14-222,[1] collided with the plaintiffs vehicle.
On April 10, 2001, the defendants filed a motion to strike the second count of the amended complaint on the ground that it fails to state a cause of action that would entitle the plaintiff to double or treble damages pursuant to General Statutes § 14-295[2] "in that [the plaintiff] fails to allege facts sufficient to take the defendant's conduct beyond that alleged to be merely negligent in his first count." On June 1, 2001, the plaintiff filed a memorandum of law in opposition to the motion to strike. Oral argument was heard on the motion on June 5, 2001.
[A] motion to strike challenges the legal sufficiency of a pleading. . . . (Internal quotation marks omitted.) Eskin v. Castiglia,253 Conn. 516, 522, 753 A.2d 927 (2000). In deciding on a motion to strike, the court must "read the allegations of the complaint generously to sustain its viability. . . ." Sherwood v. Danbury Hospital,252 Conn. 193, 212, 746 A.2d 730 (2000). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Brackets omitted.) Lombard v. Edward J. Peters. Jr., P.C.,252 Conn. 623, 626, 749 A.2d 630 (2000). "In deciding on a motion to strike . . . the trial court must take the facts to be those alleged in the [pleadings] . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). "Moreover. [w]hat is necessarily implied [in an allegation] need not be expressly alleged." Pamela B. v. Ment,244 Conn. 296, 308, 709 A.2d 1089 (1998).
The defendants move to strike count two of the complaint on the ground CT Page 10532 that the plaintiff has failed to allege facts which entitle the plaintiff to enhanced damages under § 14-295. The plaintiff argues in his memorandum of law in opposition to the defendants' motion to strike that the motion should be denied because all he is required to plead to establish recklessness under General Statutes § 14-295 is a violation of General Statutes § 14-222 and the further allegation that David Jossick was driving recklessly. The plaintiff has alleged a violation of § 14-222 and alleged that David Jossick was driving "in a reckless manner . . . given the wet/icy/slippery conditions and nature of the blind curve he attempted to negotiate at the time of the accident."
"The appellate courts have not had occasion to decide what degree of specificity is required in pleading recklessness under General Statutes § 14-295. The Superior Court judges are split on the issue." Torresv. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 150549 (May 12, 2000, Doherty, J.). "One line of cases, representing the minority view, holds that a plaintiff must plead the specific facts constituting recklessness, above and beyond the facts constituting mere negligence." Chieffo v. Yannielli, Superior Court, judicial district of Waterbury, Docket No. 159940 (January 29, 2001, Doherty, J.). "The majority point of view, on the other hand, is that a plaintiff, in addition to pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295: that the defendant has deliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiffs injuries." Id.
This court finds the majority point of view to be more persuasive. Accordingly this court holds, as did the court in Donahue v. Thomas, Superior Court, judicial district of Waterbury, Docket No. 161182 (February 28, 2001, Rogers, J.), that "General Statutes § 14-295 does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness. . . . When the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct. . . ."
The plain language of General Statutes § 14-295 provides that the court may award double or treble damages when "the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section . . . 14-222
. . . and that such violation was a substantial factor in causing such injury, death or damage to property."
When construed in the manner most favorable to the pleader, the plaintiff has alleged sufficient facts to state a cause of action for CT Page 10533 double or treble damages pursuant to General Statutes § 14-295. In count two, the plaintiff incorporates by reference an allegation of Kevin Carolan's negligence. He further alleges in paragraph 14 of count two that Kevin Carolan "operated his motor vehicle at a high rate of speed well beyond the posted speed limit under hazardous road conditions, which prevailed at the time of the accident." In paragraph 15 of count two, the plaintiff alleges that "[Kevin Carolan] operated his motor vehicle in a reckless manner in violation of [General Statutes § 14-222] given the wet/icy/slippery road conditions and nature of the blind curve he attempted to negotiate at the time of the accident." In paragraphs 10 to 13 of count two, the plaintiff alleges that Kevin Carolan's actions were a substantial factor in causing his injuries. These allegations are sufficient to state a cause of action that would entitle the plaintiff to relief under General Statutes § 14-295 based on Kevin Carolan's recklessness.
As the plaintiff has pleaded a sufficient cause of action, the defendants' motion to strike count two is denied.
 ____________ WHITE, JUDGE