[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #103 MOTION TO STRIKE
R.A. Robinson, J.
Motion to Strike, Denied
CT Page 15062
In the first count of a two count complaint, plaintiff alleges that she was operating her motor vehicle in a southerly direction on Ella Grasso Boulevard in the City of New Haven, when it was struck by a motor vehicle being operated by the defendant. The plaintiff further alleges that the defendant's negligence was the proximate cause of the accident.
In the second count of the complaint, plaintiff alleges that defendant "deliberately or with reckless disregard operated his vehicle in violation of § 14-218a of the Connecticut General Statutes." Plaintiff further alleges that the defendant operated his vehicle recklessly or with reckless regard in violation of § 14-222 of the Connecticut General Statutes.
In its prayer for relief that plaintiff claims actual and double or treble damages pursuant to § 14-295 of the Connecticut General Statutes.
On October 10, 2001, the defendant, pursuant to § 10-39 (a) of the Connecticut Practice Book, moved to strike the second count of the complaint and the claim for double and treble damages, for reason that that the second count fails to allege facts setting forth what conduct is claimed to be reckless and deliberate.
Section 10-39 of the Practice Book concerns the Motion to Strike. This section provides that:
 (a) Whenever any party wishes to contest (I) the legal sufficiency of the allegations or any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof.
The standard for considering Motions to Strike has been well established in this state.
 [A] motion to strike challenges the legal sufficiency of a pleading. . . . (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 522, 753 A.2d 927 (2000). In deciding on a motion to strike, the court must "read the allegations of the complaint generously to sustain its viability. . . ." Sherwood v. Danbury Hospital, 252 Conn. 193, 212, 746 A.2d 730 (2000). "The court must construe the facts in the complaint most favorably to the CT Page 15063 plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Brackets omitted.) Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). "In deciding on a motion to strike . . . the trial court must take the facts to be those alleged in the [pleadings] . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "Moreover, [w]hat is necessarily implied [in an allegation] need not be expressly alleged." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
 Jossick v. Carolan, 2001 Ct. Sup. 10530 (Aug. 2, 2001, White, J.).
Section 14-295 of the Connecticut General Statutes concerns "double or treble damages for persons injured as a result of certain traffic violations." It provides that:
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
As was noted by Judge White in Jossick, although the issue of the requisite specificity for the sustaining an action pursuant to the subject statute has been greatly debated in the Courts of this State, it has not, as of yet been resolved.
 "The appellate courts have not had occasion to decide what degree of specificity is required in pleading recklessness under General Statutes § 14-295. The Superior Court judges are split on the issue." Torres v. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 150549 (May 12, 2000, Doherty, J.). "One line of cases, representing the CT Page 15064 minority view, holds that a plaintiff must plead the specific facts constituting recklessness, above and beyond the facts constituting mere negligence." Chieffo v. Yannielli, Superior Court, judicial district of Waterbury, Docket No. 159940 (January 29, 2001, Doherty, J.). "The majority point of view, on the other hand, is that a plaintiff, in addition to pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295: that the defendant has deliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiff's injuries."
In the first count of the instant action, the plaintiff alleges that the defendant violated the provisions of the following sections of the Connecticut General Statutes: §§ 14-240, 14-218 (a), 14-222. In the second count, the plaintiff further alleges that the defendant:
 "[D]eliberately or with reckless disregard operated his vehicle in violation of § 14-281a of the Connecticut General Statutes . . . [O]perated his vehicle recklessly or with reckless disregard in violation of § 14-222 of the Connecticut General Statutes."
In her second count, the plaintiff supplemented the allegations of negligence in the first count by using the words "deliberately", "with reckless disregard" and "recklessly" to describe the defendant's action in the second count.
This Court agrees with the majority viewpoint as it relates to the specificity that is required to sustain an action pursuant to § 14-295
C.G.S. The statute provides that an individual proceeding with a cause of action pursuant to its terms must:
 . . . [S]pecifically [plead) that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
In the instant action the plaintiff has invoked the power of § 14-295
C.G.S. by using the language of the statute itself, i.e. by specifically CT Page 15065 pleading that the statutory violations cited in the first court were "deliberate" or with "reckless disregard". The plaintiff has also alleged in her Complaint that the violations of §§ 14-281a and 14-222 C.G.S. were substantial factors in causing her injuries. While the defendant may desire to have more specificity in the Complaint as to the allegations concerning the violation of § 14-295, the subject statute does not require such specificity. Its language is plain and unambiguous.
 Where "the language of the statute is plain and unambiguous, we will not look beyond the words themselves. . . ." Szczapa v. United Parcel Service, Inc., 56 Conn. App. 325, 329, 743 A.2d 622, cert. denied, 252 Conn. 951, 748 A.2d 299 (2000).
 Pantanella v. Enfield Ford, Inc., 65 Conn. App. 46, 55 (2001).
For the foregoing reasons, the defendant's motion to strike is denied.
R.A. Robinson, J.