[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #117
On December 26, 2001, the plaintiff, Jeffery Karpenko, filed a six count amended complaint against numerous defendants, including his employer, Environmental Control, Inc. The plaintiff brings two causes of action against this defendant, one for negligence (count one) and one for recklessness (count two). In the complaint, the plaintiff alleges that while he was a passenger in a van operated by Ralph Merithew, another of Environmental Control's employees, the van was involved in a motor vehicle accident, and the plaintiff sustained serious traumatic injuries.
On December 27, 2001, Environmental Control filed a motion strike the counts against it, contending that the plaintiff fails to state a cause of action against Environmental Control. Environmental Control argues, inter alia, that the plaintiff is barred from bringing a negligence claim against his employer pursuant to the exclusivity provision of the Workers' Compensation Act.[1]
The exclusivity provision of the Workers' Compensation Act, General Statutes, § 31-284 (a) provides: "An employer . . . shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . but an employer shall secure compensation for his employees as provided under this chapter. . . . All rights and claims between an employer who complies with the requirements . . . of this section and employees, or any representatives or dependants of such employees, arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter. . . ."
"The Workers' Compensation Act provides the exclusive remedy to employees seeking compensation for work-related injuries or death from such injuries where (1) the plaintiff was an employee of the defendant, (2) the plaintiff sustained a personal injury, and (3) the injury arose CT Page 8363 out of and in the course of the plaintiffs employment." Fulco v. NorwichRoman Catholic Diocesan Corp., 27 Conn. App. 800, 807, 609 A.2d 1034, cert. granted, 223 Conn. 917, 614 A.2d 821 (1992), appeal dismissed,226 Conn. 404, 627 A.2d 931 (1993). Our Supreme Court has "consistently . . . interpreted the exclusivity provision of the act . . . as a total bar to common law actions brought by employees for job related injuries with one narrow exception that exists when the employer has committed an intentional tort or where the employer has engaged in wilful or serious misconduct." Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 106,639 A.2d 507, (1994), rev'd on other grounds, 242 Conn. 255, 698 A.2d 838
(1997).
The plaintiff in this case does not allege wilful or serious misconduct on the part of Environmental Control or Merithew. Rather, he admits that counts one and two are grounded in negligence and recklessness and argues that, under the doctrine of respondeat superior, Environmental Control should be held liable to him pursuant to General Statutes §§ 52-183[2]
and 31-293a[3]. General Statutes § 52-183 creates the presumption that the driver of a car is the agent of the owner of the car, and therefore, the owner may be held liable for any injuries caused by the car. Section 31-293 a allows an exception to the exclusivity provision of the Workers' Compensation Act pursuant to which an employee can sue a fellow employee for his or her negligence in causing a motor vehicle accident. The plaintiff argues that these statutes, when read together, create a cause of action for him against his employer.
In Hoyt v. Second Taxing District, 183 Conn. 508, 439 A.2d 428 (1981) and Szczapa v. United Parcel Service, Inc., 56 Conn. App. 325,743 A.2d 622, cert. denied, 252 Conn. 951, 748 A.2d 299 (2000), the Supreme and Appellate Courts explicitly rejected the plaintiffs argument as it pertains to § 31-293a. In so doing, the Supreme Court gave no credit to the plaintiffs contention that in enacting § 31-293a, "the legislature intended employers to be liable in their capacity as owners of injury-inflicting devices." Hoyt v. Second Taxing District, supra.,183 Conn. 510-11. "We cannot conclude from the mere provision for realignment of parties under certain circumstances that the legislature intended to contradict what it had clearly and unambiguously stated in31-284." Id, 511. The court's distinct rejection of the plaintiffs argument as it pertains to § 31-293a indicates that its reasoning also applies to the plaintiffs claim that he can assert a negligence claim against his employer under § 52-183.
The claims the plaintiff asserts against Environmental Control are barred by the exclusivity provision of the Workers' Compensation Act. Accordingly, Environmental Control's motion to strike the claims against it in the first and second counts is granted. CT Page 8364
 ___________________ GALLAGHER, J.