HARRY A. VELARDI *v.* RYDER TRUCK RENTAL, INC., ET AL.

COTTER, C. J., LOISELLE, LONGO, PETERS and PARSKEY, Js.

Argued May 2—decision released July 17, 1979

*Alexander Winnick,* with whom, on the brief, was *Arthur Riccio, Jr.,* for the appellant (plaintiff).

*David W. Cooney,* with whom, on the brief, was *Edmund T. Curran,* for the appellee (defendant Frank Valla).

LONGO, J. Section 31-284 of the General Statutes, in part, provides, as a basic tenet of our workmen's compensation law, that "[a]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment." Section 31-293a provides, in part, that "no action may be brought against . . . [a] fellow employee except for negligence in the operation of a motor vehicle." In this case, we are called upon to decide whether the trial court erred when, in construing these statutes, it determined that the defendant Frank Valla, doing business as Frank Valla Catering, was not liable to a suit for negligence in the operation of a motor vehicle as a fellow employee of the plaintiff, and in concluding that the plaintiff's sole remedy for his injuries was, pursuant to §§ 31-284 and 31-293a, a claim for workmen's compensation.

The plaintiff, Harry A. Velardi, instituted this action in the Superior Court to recover damages for personal injuries resulting from an accident which arose out-of and in the course of his employment. The action was instituted against five defendants, including the appellee Frank Valla, doing business as Frank Valla Catering, hereinafter the defendant. The plaintiff, in the fifth count of his complaint, alleged that at the time of his injuries he and the defendant were "fellow employees," within the meaning of § 31-293a of the General Statutes, of Frank Valla Catering, a concern which operated a catering business, and that the injuries to his legs and other parts of his body were caused, inter

alia, by the negligence of the defendant Frank Valla in failing properly to park his rented truck, causing it to roll forward and strike the plaintiff.

In his answer to the plaintiff's complaint, the defendant denied liability for the plaintiff's injuries, and, in addition, filed a motion for summary judgment in which he alleged, in effect, that the plaintiff and he were not fellow employees; that the plaintiff was employed by him in the catering business which the defendant operated individually as a sole proprietorship under the business name of Frank Valla Catering; that the plaintiff had made a claim for workmen's compensation benefits and was paid $3394.57 in benefits; and that the plaintiff was barred from bringing an action against his employer, the defendant, since his sole remedy was under the Workmen's Compensation Act; General Statutes § 31-284; a remedy which the plaintiff had already pursued. The trial court granted summary judgment as to the defendant for the reasons advanced in support of the motion, and the plaintiff has appealed from the judgment rendered thereon.

The plaintiff principally argues that a genuine issue of material fact existed requiring an evidentiary hearing on the scope of the services performed by the defendant to determine whether the defendant was a "fellow employee" within the meaning of § 31-293a of the General Statutes,[1] whose alleged

[1] Section 31-293a provides, in part: "No right against fellow employee; exception. If an employee or, in the case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee except for negligence in the operation of a motor vehicle as defined in section 14-1 or unless such wrong was wilful or malicious."

negligence in the operation of a motor vehicle could form the basis of an action by the plaintiff at law, exclusive of the remedy provided by workmen's compensation. He contends that the defendant was, in fact, his "fellow employee," since they both worked together at the time of the accident and since, it is claimed, the defendant and the plaintiff were both employees of Frank Valla Catering at the time the plaintiff was injured. The court decided, however, that, for the purposes of opposing a motion for summary judgment, the bald assertion by the plaintiff that the defendant was an employee, like the plaintiff, of Frank Valla Catering, was not legally sufficient to create the existence of a controverted material fact and that merely because the defendant employer worked together with the plaintiff did not change the defendant's status from employer to "fellow employee." We agree.

Within the framework of the pleadings in the present case, the sole manner in which the plaintiff could maintain an action at law against the defendant is if the defendant was a "fellow employee," amenable to suit within the exception provided in General Statutes § 31-293a. Our attention to this issue is not diverted by the plaintiff's argument that the granting of summary judgment by the trial court was procedurally erroneous on the ground that the defendant's status in relation to the plaintiff created a material issue of fact. While we agree with the salutary principle that the summary judgment procedure is ill-adapted to negligence cases, since the conclusion of negligence is normally one of fact; *Spencer* v. *Good Earth Restaurant Corporation,* 164 Conn. 194, 198, 319 A.2d 403 (1972); *Cappiello* v. *Haselman,* 154 Conn. 490, 495, 227 A.2d

79 (1967); it is nonetheless evident that the present case could not, as a matter of law, have proceeded unless the trial court had determined that the plaintiff's claim was not preempted by the provisions of the Workmen's Compensation Act, in particular General Statutes § 31-284, which makes workmen's compensation benefits an employee's sole remedy against an employer for personal injuries arising out of and in the course of his employment. See *Farrell* v. *L.G. DeFelice & Son, Inc.,* 132 Conn. 81, 42 A.2d 697 (1945). Thus, it was entirely proper for the court initially to perceive the case as involving a question of law. The mere assertion of the legal conclusion that the defendant was a "fellow employee" of the plaintiff was not sufficient to defeat the defendant's motion for summary judgment. *Kasowitz* v. *Mutual Construction Co.,* 154 Conn. 607, 613, 228 A.2d 149 (1967). The defendant had the burden of showing the nonexistence of a material fact; the evidence presented, if otherwise sufficient in this regard, is not rebutted by the naked statement that an issue of fact does exist. 6 Moore, Federal Practice (2d Ed. 1976) ¶ 56.15 [3], pp. 56-481–56-487; *Brennan* v. *D.J. McNichol Co.,* 439 F. Sup. 499 (E.D. Pa. 1977); *Boyce* v. *Merchants Fire Ins. Co.,* 204 F. Sup. 311, 314 (D. Conn. 1962). It is well established, moreover, that where it is undisputed that the plaintiff was engaged in the course of his employment at the time of the accident, whether he is barred by the Workmen's Compensation Act from maintaining an action against a tortfeasor is a question of law for the court. *Bowaters Southern Paper Corporation* v. *Brown,* 253 F.2d 631 (6th Cir. 1958); *Sweat* v. *Aircraft & Diesel Equipment Corporation,* 335 Ill. App. 177, 81 N.E.2d 8 (1948); 101 C.J.S., Workmen's Compensation § 1032.

Turning to the merits, General Statutes § 31-284 clearly provides that an employer shall not be liable to any action for damages on account of personal injuries or death sustained by an employee arising out of and in the course of his employment. In short, if the defendant was the plaintiff's employer, the plaintiff was relegated to the remedies afforded by the Workmen's Compensation Act. General Statutes § 31-275 defines employer as "any person . . . using the services of [another] for pay . . ." and employee as "any person who has entered into or works under any contract of service or apprenticeship with an employer . . . ." See *McDonald* v. *New Haven,* 94 Conn. 403, 406, 109 A. 176 (1920). From the complaint and the affidavits filed by the parties, the court could well have concluded that the defendant was in the position of employer and that the plaintiff was his employee. The issue of the plaintiff's rights if the defendant had been incorporated is not presently before us; Frank Valla, doing business as Frank Valla Catering, is not a corporation or a partnership, but a business name used for a sole proprietorship which is solely owned by the defendant. The plaintiff was hired, employed, directed and controlled in his job activities by Valla, to assist him in his catering business and the plaintiff's salary was paid by him. Significantly, the plaintiff was enabled to receive workmen's compensation benefits for his injuries because the defendant, *as employer,* maintained workmen's compensation insurance coverage for his employees, including the plaintiff. The plaintiff countered these facts merely by stating that he and the defendant were employees of "Frank Valla Catering," but did not allege any facts in support of this claim, or even that "Frank Valla Catering" was anything more than the name

under which the defendant conducted business. As we have indicated, this single assertion was not enough to withstand the defendant's motion for summary judgment. The mere fact that the defendant chose to do business under a separate name does not confer upon him the "dual-personality" of employer and employee so as to make him amenable to a suit for negligence. So long as the employer and the alleged tortfeasor are one, the plaintiff is limited to the benefits provided by workmen's compensation.

We find no error in the trial court's decision sustaining the defendant's motion for summary judgment.

There is no error.

In this opinion the other judges concurred.