[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
In this case, plaintiffs John and Helen Andrews, a married couple, seek to recover money damages from defendant Acme Monaco Spring Corporation (Acme Monaco) for certain injuries they claim to have suffered and losses they claim to have incurred as a result of Acme Monaco's allegedly wrongful termination of Mr. Andrews' employment on November 29, 1988. In their eleven-count complaint, the plaintiffs allege that on that date, Acme Monaco, through its corporate officers and agents, breached express and implied terms of its contract of employment with Mr. Andrews by terminating him without just cause, and affording him no opportunity to contest the basis for his termination, then induced him, by intentional, negligent and/or innocent misrepresentations, to sign an official form falsely stating that he had resigned.
These actions by the defendant, which the plaintiffs further claim either to have been taken with the intent to inflict extreme emotional distress upon Mr. Andrews or to have resulted from the defendant's negligence in recruiting, hiring, training, disciplining and supervising its officers and employees, are alleged to have harmed the plaintiffs in the following ways. Mr. Andrews claims to have suffered humiliation, anxiety, loss of morale, self-esteem and reputation, to have experienced nervousness, and to have been deprived of certain health care, medical, disability, vacation and other benefits to which he would have been entitled had his employment with the defendant not been terminated. Mrs. Andrews claims that as a result of her husband's injuries, she has been deprived of "many aspects of [his] love, affection, companionship, and consortium, and will be for the foreseeable future." Complaint, Count XI, p. 18.
The defendant has responded to the plaintiffs' allegations by pleading as a special defense that all eleven counts of the plaintiffs' complaint are barred by the exclusivity provision of the Workers' Compensation Act, Conn. Gen. Stat. 31-284 (a). That provision, which is essential to the implementation of the humane and efficient social compromise that underlies the entire workers' compensation scheme,[1] provides in pertinent part as follows:
 An employer shall not be liable to any action for damages on account of personal injury CT Page 6514 sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but, an employer shall secure compensation for his employees as follows . . . All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished . . .
Relying on this special defense, the defendant now moves this Court for summary judgment as to all counts of plaintiffs' complaint, claiming that each is barred by Section 31-284 (a) because it seeks to "recover damages in common-law tort for an alleged wrongful termination of the Plaintiff husband's employment." Motion For Summary Judgment at 1. In substance, it argues that since termination of an employee's employment necessarily occurs in the course of, albeit at the very end of, his employment, any personal injury suffered by the employee as a result of his termination, and any derivative injury thereby suffered by his spouse, must be deemed, as a matter of law, to have "aris[en] out of and in the course of his employment." C.G.S. 31-284 (a).
A defendant is entitled to summary judgment whenever "the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that [he, as] the moving party [,] is entitled to judgment as a matter of law." C.P.B. 384. Our Supreme Court has long held that a defendant-employer is entitled to summary judgment whenever the pleadings of a plaintiff-employee in a personal injury action against him make it clear that the plaintiff's claims for relief fall within the exclusivity provision of the Workers' Compensation Act. Velardi v. Ryder Truck Rental Inc., 178 Conn. 371, 374-377 (1979). Here, then, the defendant is entitled to summary judgment if, as a matter of law, any personal injury to an employee resulting from his termination by his employer must be deemed to have "aris[en] out of and in the course of his employment." C.G.S. 31-284 (a).
At the time this Motion was submitted for decision, there was a split of authority in the Connecticut Superior Court as to whether actions for damages on account of personal injuries resulting from wrongful termination are barred by Section 31-284(a). One line of cases held that all such actions are barred because "the temporal aspects of a person being in the course of employment and being fired are really [so] inseparable [that] . . . [any] claimed injury [must be deemed to have been] incurred in the course of employment." Deak v. O'Neill Chevrolet Buick, Inc.,2 CSCR 432 (March 4, 1987, O'Neill, J.). Accord, Baker v. Cigna Corp., 4 CSCR 63 (August 28, 1989, O'Neill, J.) and Jensen Adm. CT Page 6515 v. M.H. Rhodes Inc., D.N. 432497, J.D. of Hartford/New Britain at New Britain (December 21, 1989, Aronson, J.). Another line of cases disagreed, holding that the exclusivity provision does not bar such actions because personal injuries resulting from termination are necessarily incurred after the employee-employer relationship has ended. Mosley v. Housing Authority, et al.,4 CSCR 3, 4 (Nov 14, 1988, McDonald, J.). Accord, Manville v. Blue Cross Blue Shield of Connecticut Inc., D.N. 24-54-36 (Memorandum of Decision re: Motion To Strike, Berdon, J. J.D. of New Haven, February 6, 1990) and Russel Miller v. Insilco Corporation et al.,1 Conn. Law Reporter 651 (1990).
Since this Motion was submitted for decision, however, this issue has been put to rest by the Connecticut Appellate Court, which in Fulco v. Norwich Roman Catholic Diocesan Corporation,27 Conn. App. 800, 807-810 (1992), decided that the exclusivity provision does not bar actions for personal injuries caused by wrongful termination. In Fulco, a plaintiff seeking damages for negligent infliction of emotional distress had alleged that his emotional distress was caused by his wrongful discharge. Fulco at 808. In the trial court, the defendant successfully moved to strike this claim on grounds that it was barred by the exclusivity provision of the Workers' Compensation Act. Fulco, at 809. The Appellate Court reversed, holding that the claim was not barred because personal injuries resulting from termination do not logically or legally arise in the course of employment. The Court reasoned as follows:
 In his complaint, the plaintiff alleged that his emotional distress arose out of discharge, not out of the conditions of his employment. Thus, the earliest time the plaintiff's injuries could have arisen was immediately after discharge. It is impossible for the injury to have arisen during the period of his employment because his employment necessarily terminated before the alleged injury arose. It would unduly strain the language of the statute for us to conclude that termination of employment creates a job related injury.
 Further the plaintiff was not reasonably fulfilling the duties of his employment or doing something incidental to it when he sustained his injury. Clearly, the process of being fired is not a duty of employment . . . By its nature, the process of being discharged normally occurs only once in an employee's tenure. It cannot be considered conduct regularly engaged in as an incident to employment.
Fulco, at 808-809. CT Page 6516
Under the authority of Fulco, this Court holds that the exclusivity provision of the Workers' Compensation Act does not bar any of the eleven counts of plaintiff's complaint.[2] On that basis, the defendant's Motion for Summary Judgment is denied.
SHELDON, J.