[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
CT Page 11326
This is a one count complaint in which the plaintiff, an employee of the defendant, United Parcel Service seeks to recover for injuries he sustained on June 7, 1995, on the defendants' loading dock when a fellow employee negligently drove a truck away while the plaintiff had one foot on the truck.
The plaintiff further alleges that the negligence of the fellow employee can be imputed to the defendant because, (1) through its employee, it failed to operate the truck in a reasonably safe manner; (2) it failed to properly train drivers; (3) it failed to have policies and procedures in place for the safe operation of vehicles while leaving their loading docks; and (4) it failed to enforce any policy or procedures for departing trucks which might have been in place at the time of the accident.
Defendant filed a motion to strike the plaintiffs' complaint on the ground that the exclusivity provision of the Connecticut Workers' Compensation Act bars the claims against the defendant and the complaint is insufficient as a matter of law. Premising its argument on General Statutes § 31-284, the defendant argues that it should not be liable in tort because the workers' compensation mechanism creates an exclusive remedy for employees' claims arising out of job related injuries.
The plaintiff claims that pursuant to General Statutes §31-293a he may pursue a civil claim against a fellow employee, notwithstanding the provisions of the Workers' Compensation Act, because the alleged negligent act at issue arises out of that employee's operation of a motor vehicle and is, therefore, exempted from the bar of the Workers' Compensation Act, and plaintiff cannot be precluded from bringing a direct action against the employer as the party vicariously responsible for that employee's actions.
— I —
General Statutes § 31-284 (a) provides in pertinent part: "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out and in the course of his employment. . . ." An injury is considered to arise out of employment when "(a) it occurs in the CT Page 11327 course of the employment and (b) is the result of a risk involved in the employment or incident to it or to the conditions under which it is required to be performed." Dombach v. OlkonCorporation, 163 Conn. 216, 221-22, 270 (1972). The plaintiff does not dispute that he was employed by the defendant at the time the accident occurred, nor that his injuries were sustained while within the scope of his employment. The issue presented in this case is, therefore, whether General Statutes § 31-293a, by authorizing suits against a fellow employee, also permits a direct action against an employer, who has otherwise complied with the mandates of the Workers' Compensation Act, on the ground that the employer is vicariously liable for the negligence of a fellow employee in operating a motor vehicle.
— II —
General Statutes § 31-293 provides that: "If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependant and no action may be brought against such fellow employee unless such wrong was willful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1." (Emphasis added).
"In construing any statute, we seek to ascertain and give effect to the apparent intent of the legislature. . . . It is an axiom of statutory construction that legislative intent is to be determined by an analysis of the language actually used in the legislation. . . . [W]hen the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." Brennan v. Burger King Corp., 46 Conn. App. 76, 82
(1997). If the legislature had intended, by enacting General Statutes § 31-293a, to provide a mechanism through which a plaintiff could bring a direct action against an employer on the basis of vicarious liability for the negligence of a fellow employee in the operation of a motor vehicle, it could have so provided explicitly.
In fact General Statutes § 31-284 (a) provides that "[a]ll rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of CT Page 11328 personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter." An employee, injured during the course of his employment by the employer's negligent operation of a motor vehicle, is precluded, exclusive of the remedy provided by the workers' compensation laws, from bringing an action against such employer. See, e.g., Velardi v. Ryder Truck Rental, Inc.,178 Conn. 371 (1979). If General Statutes § 31-293a is interpreted as allowing a cause of action against an employer indirectly on the basis of vicarious liability, the odd result would be reached that although an employee injured because of the negligent operation of a motor vehicle by the employer himself is precluded from maintaining an action against such employer, the same employee would be allowed to sue the employer if the negligent operator was another employee. Such a result "would offend the principle that those who promulgate statutes or rules do not intend to promulgate statutes or rules that lead to absurd consequences or bizarre results." State v. Wilchinski,242 Conn. 211 (1997).
— III —
Although resort to legislative history is not necessary in this case it is clear that the intent behind the enactment of General Statutes § 31-293a was to protect fellow employees who negligently injured a co-worker from liability, not create a mechanism through which an injured employee could circumvent the mandates of General Statutes § 31-284 (a). In commenting about Public Acts 1967, No. 842, § 5, codified as General Statutes § 31-293a, Representative Pawlak, a proponent of the bill, stated: "This section stops third party suits against fellow employees since such employee is usually unable to meet any judgment involving serious injuries. However, the section specifically permits suits against fellow employees where the injury or death was the result of wilful or malicious wrong by such fellow employee or involves the operation of a motor vehicle. We are here trying to make sure that a fellow employee cannot ordinarily be sued for simple negligence on the job, but we do not believe that he should be protected against wilful or malicious wrong, nor do we believe he should be protected if the employee is injured as a result of a motor vehicle accident." 12 H.R. Proc., Pt. 9, 1967 Sess., p. 4035.
This legislative purpose was reaffirmed in a subsequent amendment to this statute, enacted in 1993. Commenting on the CT Page 11329 amendment, Senator Harper stated: "Section 31-293a prohibits an employee from suing a fellow employee for injuries caused by simple negligence on the job. The injured employee's exclusive remedy in this instance is under the workers' compensation system. The statute allows suits against a fellow employee where the injury is the result of willful and malicious conduct or the result of the operation of a motor vehicle. The legislative intent of the latter exclusion was that the risk of a motor vehicle accident is a common danger and the employee at fault
should not be protected from suit." (Emphasis added.) 26 Sen. Proc., Pt. 6, 1983 Sess., pp. 2060-61. In the legislative history of General Statutes § 31-293a there is no language which points to the conclusion that the statute authorizes a lawsuit against the employer by an employee injured by a fellow's employee negligence in the operation of a motor vehicle on a theory of respondeat superior.
— IV —
Faced with facts similar to the present case, other Superior Court judges have reached the conclusion that the statute at issue, General Statutes § 31-293a does not create a right of action against employers for vicarious liability even where a motor vehicle is involved. Carlo v. Regel, Superior Court, judicial district of New Haven at New Haven, Docket No. 361032 (January 20, 1995, Hodgson, J.) (13 CONN. L. RPTR. 379);Christopherson v. Hallmark Cards, Superior Court, judicial district of New Haven, Docket No. 299405 (September 26, 1991, Gordon, J.) (5 CONN. L. RPTR. 67), aff'd per curiam,27 Conn. App. 916, cert. denied,223 Conn. 910 (1992).
See also Velardi v. Ryder Truck Rental, Inc., supra,178 Conn. 371 in which our Supreme Court upheld the trial court s granting of a motion for summary judgment against the plaintiff in an action by an employee injured by the alleged negligent operation of a motor vehicle by the employer.
Defendant's motion to strike is granted.
Jerry Wagner Judge Trial Referee CT Page 11330