[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION FOR SUMMARY JUDGMENT BASED, INTER ALIA. ON WORKERS' COMPENSATION STATUTE
In this case plaintiff Cynthia Thompson claims damages for injuries which she alleges that she sustained while a passenger in an automobile driven by defendant Dale Lucas. More specifically, plaintiff Cynthia Thompson alleges that the automobile in which she was traveling was stuck by an automobile driven by defendant Robert Brinkman. She asserts that Robert Brinkman caused the accident by not stopping at a stop sign, and that Dale Lucas caused the accident by not avoiding the vehicle driven by Robert Brinkman.
The plaintiff has named Donald Elkey d/b/a Home Health Care Support Services, and Omni Home Health Services, Inc. (hereafter Omni) as additional defendants. As to both defendants the plaintiff alleges that at the time of the accident defendant Dale Lucas was operating the motor vehicle as an agent, servant and/or employee of defendant Home Health Care Support Services and/or of defendant Omni.
Defendant Omni has filed a Motion for Summary Judgment, answers to a Request for Admissions, and memoranda of law in support thereof. Defendant Omni argues that at the time of the accident the plaintiff was on duty as one of its employee, and that she has received received workers' compensation benefits therefor. Accordingly, defendant Omni claims that the workers' compensation statute is a bar to this litigation. The plaintiff disagrees. In her papers in opposition the plaintiff claims that summary judgment should not enter because there is a genuine issue of material fact as to 1) whether driver Dale Lucas was an employee of Omni, and 2) whether the plaintiff is a third party beneficiary of a "hold harmless" provision in a contract between Omni and defendant Home Health Care Support Services. CT Page 2150
Defendant Omni denies that Dale Lucas was its employee at the time of the accident. Nevertheless, defendant Omni demurs in this regard and, cites, inter alia, Velardi v. Ryder Truck Rental, Inc., 178 Conn. 371
(1979), for the proposition that
 General Statutes § 31-284 clearly provides that an employer shall not be liable to any action for damages on account of personal injuries or death sustained by an employee arising out of or in the course of his employment.
 Velardi, supra, at 376.
See also Szczapa v. United Parcel Service, 56 Conn. App. 325 (2000), cert den. 252 Conn. 951.
The court finds that since the answers to the Requests for Admissions clearly establish that plaintiff Cynthia Thompson was functioning "in the course of her employment" with defendant Omni at the time of the accident, and she has received workers' compensation benefits therefor, there is no relevant genuine issue of material facts in this case which would forestall the entry of a judgment for defendant Omni.
Accordingly, defendant Omni's Motion for Summary Judgment is granted.
Clarance J. Jones, Judge