[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#110)
On January 11, 2000, the plaintiff, James Hubbard, filed a single-count complaint against the defendant, Richard Powell.[1] In his complaint, the plaintiff alleges the following facts: The plaintiff was injured when he fell from a small platform located on the rear of a garbage truck driven by the defendant. The injury occurred because the defendant was driving at an unreasonable rate of speed for the road conditions, failed to slow down for road hazards and had failed to install safety equipment to prevent the plaintiff from falling off of the back of the truck. The plaintiff claims that the defendant's negligent actions caused him to fall and suffer severe injuries.
On July 31, 2000, the defendant filed a motion for summary judgment on the ground that the plaintiff's claim is barred by the exclusivity provisions of the Connecticut Workers' Compensation Act (act), General Statutes § 31-284.[2] Along with his motion, the defendant has submitted an affidavit, an uncertified copy of his automobile insurance policy and an uncertified copy of a worker's compensation policy in effect at the time of the accident.
On August 4, 2000, the defendant filed his answer and special defenses. In his first special defense, the defendant alleges that the plaintiff was contributorily negligent. In his second special defense, the defendant alleges that the plaintiff's claims are barred by the exclusivity provisions of the worker's compensation act. The present motion for summary judgment is based on the second special defense.
On August 15, 2000, the plaintiff filed an objection to the motion and a memorandum of law in support of his objection. The defendant filed a reply brief on September 22, 2000. A hearing on the motion was held on December 12, 2000. CT Page 5321
 DISCUSSION
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non moving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book [§ 17-46]. . . ." (Internal quotation marks omitted.) Community Action for Greater Middlesex County, Inc. v. AmericanAlliance Ins. Co., 254 Conn. 387, 397-98, 757 A.2d 1074 (2000).
Although the defendant's motion for summary judgment was filed prior to his answer and special defenses, the opposing party has not challenge this procedural issue. The court will, therefore, consider both the motion for summary judgment and the special defenses together because they are now both properly before the court and both of the parties have argued the merits of the defendant's motion. See Gulack v. Gulack,30 Conn. App. 305, 309, 620 A.2d 181 (1993) ("a pleading defect is waived when the case is contested without questioning such defect").
The defendant moves for summary judgment on the ground that the plaintiff's claim is barred by the exclusivity provisions of General Statutes § 31-284. Specifically, the defendant argues that he was the plaintiff's employer at the time of the injury, he maintained a workers' compensation policy for the plaintiff's benefit and the plaintiff was injured within the scope of his employment. The defendant argues, therefore, that the plaintiff's sole remedy is the workers' compensation policy, the plaintiff cannot sue him individually.
The plaintiff argues that he is not barred by the exclusivity provisions of the act because the defendant is an employee within the meaning of the act and an exception applies that allows him to sue a fellow employee. Specifically, the plaintiff claims that the defendant admitted his acceptance of the provisions of the workers' compensation act in his affidavit, and insured his liability with a workers' compensation policy, thus accepting all portions of the act, including the definition of an employee under General Statutes § 31-275
(9)(A)(ii).[3] The statute defines an employee as "a sole proprietor or business partner who accepts the provisions of this chapter. . . ." General Statutes § 31-275 (9)(A)(ii). Based on this definition, the CT Page 5322 plaintiff argues that although the defendant has acted as an employer and insured the plaintiff under the act, the defendant also qualifies as an employee under the act. The plaintiff, therefore, claims that because the defendant qualifies as a fellow employee and the defendant was driving the truck in a negligent fashion, resulting in the plaintiff's injuries, he may bring an action against the defendant under an exception created in General Statutes § 31-293a.[4] Under the exception an employee may sue a fellow employee for injuries arising out that employee's negligent operation of a motor vehicle.
The parties do not dispute the material facts regarding the present motion for summary judgment, the defendant was a sole proprietor, the defendant maintained a workers' compensation policy which covered the plaintiff, the plaintiff was injured in the scope of his employment, and the defendant was driving a motor vehicle at the time of the accident. The only dispute is whether the defendant is an employee to whom the exception applies under the statute, which involves only a construction of the act. Because the construction of a statute is a question of Law;State v. Salmon, 250 Conn. 147, 152, 735 A.2d 333 (1999); the court may decide the issue whether the exception applies as a matter of law.
In Velardi v. Ryder Truck Central, Inc., 178 Conn. 371, 377, 423 A.2d 77
(1979), which also involved an employee suing his employer, a sole proprietor, for injuries resulting from the negligent operation of a motor vehicle, the Supreme Court stated: "So long as the employer and the alleged tortfeasor are one, the plaintiff is limited to the benefits provided by [workers'] compensation." Id., 377. "General Statutes §31-284 clearly provides that an employer shall not be liable to any action for damages on account of personal injuries or death sustained by an employee arising out of and in the course of his employment. In short, if the defendant was the plaintiff's employer, the plaintiff was relegated to the remedies afforded by the Workmen's Compensation Act." Id., 376.
The plaintiff argues that Velardi is not applicable to this action because the act was amended after the Velardi decision by Public Acts 1979, No. 79-113 (now codified in General Statutes § 31-275
(9)(A)(ii)). The defendant argues that said amendment was not intended to overrule Velardi, but rather to allow a sole proprietor to insure himself against injuries on the job.[5] In support of this argument, the defendant relies on Szczapa v. United Parcel Service, Inc.,56 Conn. App. 325, 331, 743 A.2d 622 (2000), which confirms the holding of Velardi, that if "the employer and the alleged tortfeasor are one, the plaintiff is limited to the benefits provided by [workers'] compensation."Velardi v. Ryder Truck Rental, Inc., supra, 178 Conn. 377." "[W]e cannot conclude that the legislature intended employees and employers to be CT Page 5323 treated alike for the purposes of § 31-293a."
Additionally, the legislature did not intended to create an exception to the exclusivity provisions of the act and allow employees to hold their employer's liable if they are sole proprietors under General Statutes § 31-275 (9)(a)(ii). The Supreme Court has said that a proper "construction of the Workers' Compensation Act should make every part operative and harmonious with every other part insofar as is possible. . . ." (Internal quotation marks omitted.) Casey v. NortheastUtilities, 249 Conn. 365, 369, 731 A.2d 294 (1999). The plaintiff's interpretation of the provisions of the act, General Statutes § 31-275
(9)(A) (ii), is in direct conflict with the acts remedial purpose. SeeDriscoll v. General Nutrition Corp., 252 Conn. 215, 220-21, 752 A.2d 1069
(2000).
For all of the reasons stated herein, the defendant's motion for summary judgment is granted.
Martin, J.