[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (Motion for Summary Judgment)
Pursuant to Practice Book § 17-44, the defendant TIG Insurance Company (hereinafter "TIG") has filed a motion for summary judgment as to the plaintiffs Amended Complaint dated October 5, 2000 and the intervening plaintiff, State of Connecticut's complaint dated June 1, 2000.
The defendant states that since TIG is an excess carrier over the State of Connecticut's $500,000.00 self-insured retention relative to uninsured and underinsured motorist claims against the State, and as the present case has nowhere near the value required to reach the excess insurance, TIG is entitled to judgment as a matter of law.
The plaintiff filed suit against TIG on the basis of an uninsured motorists' claim. The plaintiff alleges that he was injured by the negligence of an uninsured motorist in a motor vehicle accident. The State of Connecticut owns the vehicle the plaintiff was operating at the time of the accident and TIG was the excess insurer for the State of Connecticut. The State of Connecticut according to the plaintiff is self-insured for the first $500,000.00 of damages.
The defendant TIG claims that it is an excess carrier above the State of Connecticut's $500,000.00 self-insurance retention relative to motor vehicle claims against the State, included uninsured and underinsured motorist claims. The State of Connecticut, in its Answers to Requests for Admissions, states that the State afforded the plaintiff self-insured motorists benefits in the gross amount of $20,000.00 (subject to reduction for tortfeasor payments, workers compensation benefits paid and payable) for the motor vehicle accident which is the subject of this action.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins.,Co., 245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, CT Page 91206 Conn. 495, 500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. HertzCorp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. DickmontPlastics Corp., 229 Conn. 99 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell,214 Conn. 242, 246-47 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. Santopietro v. New Haven, 239 Conn. 207, 225 (1996). The issue of causation is a question of fact for the trier of fact,Abrahams v. Young and Rubicam, Inc., 240 Conn. 300, 307 (1997), and can only become one of law "when the mind of a fair and reasonable person could reach only one conclusion" Id. Accordingly, "issues of negligence are ordinarily not susceptible of summary judgment adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw,193 Conn. 442, 446 (1984).
"Summary judgment is ill-adapted to negligence cases, since the conclusion of negligence is normally one of fact." Velardi v. RyderTruckRental, Inc., 178 Conn. 371, 374 (1979).
The plaintiff does not dispute that damages in this case most likely will not exceed $500,000.00. However, the plaintiff contends, there is a good possibility that damage could be in excess of $20,000.00. There is a dispute and a genuine issue of material fact regarding at what point the uninsured-underinsured motorist's coverage provided by the defendant TIG comes into effect. TIG claims that not only is it not responsible for the initial $20,000.00 of coverage, neither it nor the State of Connecticut is responsible for any excess coverage, $500,000.00 or otherwise.
As the court finds there are genuine issues of material fact, the motion for summary judgment must be denied.
 By the Court, By: Arnold, J.