[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
The plaintiff, pursuant to Practice Book § 17-44 et. seq., has filed a motion for summary judgment. The plaintiff's complaint alleges that he sustained personal injuries in a motor vehicle accident when the vehicle he was operating was struck in the rear by a vehicle owned and operated by the defendant while the plaintiffs vehicle was stopped at a traffic light. Plaintiffs theories of negligence by the defendant are numerous and include the defendant's violation of General Statutes §14-240, which requires vehicles to be driven "a reasonable distance apart."
The plaintiff has submitted a copy of the police report and an affidavit of the plaintiff in support of his motion for summary judgment. The defendant argues that in his answer to the plaintiffs complaint, he has denied negligence, and that issues of fact exist that should be determined by the fact finder.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 576 A.2d 829 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." HertzCorp. v. Federal Ins., Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,639 A.2d 507 (1994). CT Page 11309
The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed.Santopietro v. New Haven, 239 Conn. 207, 225, 682 A.2d 106 (1996). The issue of causation is a question of fact for the trier of fact, Abrahamsv. Young and Rubicam, Inc., 240 Conn. 300, 307, 692 A.2d 709 (1997), and can only become one of law "when the mind of a fair and reasonable person could reach only one conclusion." Id. Accordingly, "issues of negligence are ordinarily not susceptible of summary judgment adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw,193 Conn. 442, 446, 476 A.2d 582 (1984). "Summary judgment is ill-adapted to negligence cases, since the conclusion of negligence is normally one of fact." Velardi v. Ryder Truck Rental, Inc., 178 Conn. 371, 374,423 A.2d 77 (1979); Michaud v. Gurney, 168 Conn. 431, 362 A.2d 857
(1975).
A review of the police report, the affidavit of the plaintiff and the answer filed by the defendant leads the court to the conclusion that genuine issues of material fact in this negligence case do exist. The police report, which is very brief and contains no statements by the parties hereto or witnesses, cannot be said to have determined all questions of negligence. The affidavit of the plaintiff, obviously supports the plaintiffs point of view, but in itself cannot be the determining factor in resolving the issues, as the defendant in its answer to the complaint, has denied negligence. Accordingly, the motion for summary judgment is denied.
The Court
 by ___________________ Arnold, J.
CT Page 11310