[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
Pursuant to Practice Book § 17-44 et seq. the defendants Town of Branford and David Morton, have filed a motion for summary judgment, as to count two of the revised complaint dated March 19, 2002. The defendants submit that there is no genuine issue as to any material fact regarding the defendants' liability on count two for four reasons.
First, the defendants argue that the plaintiff's claim is barred because the defendant Morton is immune from liability pursuant to General Statutes § 52-557b, the "Good Samaritan Statute." Second, the defendants argue that the plaintiff's claim against Branford is barred because Morton is immune from liability. Third, the defendants argue that the plaintiff failed to make "demand" as required by General Statutes § 7-308 and fourth, the defendants argue that the plaintiff's claim is barred because the plaintiff failed to provide "notice" to the defendant Morton as required by General Statutes § 7-308.
A factual summary shows that on October 31, 1999, the plaintiff, operating a vehicle owned by her, was stopped for a red light at the intersection of Cherry Hill Road and North Main Street in Branford. At that time a truck operated by the defendant Edward Augur proceeded through the intersection from the opposite direction as the traffic light turned green. Augur's vehicle and an emergency vehicle operated by the defendant Morton and owned by the Town of Branford, then collided in the intersection. Branford's emergency vehicle had been responding to an emergency call. As a result of the collision between the ambulance and Augur's truck, the truck then proceeded to strike the plaintiff's vehicle, causing the plaintiff to sustain injuries and property damage to her vehicle.
The court first reviews the standards for a motion for summary judgment. "A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). CT Page 2045 "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." HertzCorp. v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Corp.,supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,639 A.2d 507 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell, 214 Conn. 242,246-47, 571 A.2d 116 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. Santopietro v. New Haven, 239 Conn. 207, 225,682 A.2d 106 (1996).
 I
The defendants argue that the plaintiff's claim is barred because the defendant Morton is immune pursuant to § 52-557b the "Good Samaritan law." The statue provides as follows:
 (b) Any paid or volunteer fireman . . . or ambulance personnel, who has completed a course in first aid offered by the American Red Cross, the American Heart Association, the National Ski Patrol, the Department of Public Health or any director of health, as certified by the agency or director of health offering the course, and, who renders emergency first aid to a person in need thereof, shall not be liable to such person assisted for civil damages for any personal injuries which result from acts or omissions by such person in rendering the emergency first aid, which may constitute ordinary negligence.
The defendant claims that in driving an emergency vehicle to a call for assistance, the defendant Morton was in the process of delivering first aid. The court disagrees. Driving an emergency vehicle does not constitute the rendering of emergency first aid so as to invoke the "Good Samaritan Act." Osborn v. Elm City Livery, Inc., Superior Court, judicial district of Waterbury at Waterbury, No. (X02)-CV-00-0167619 (August 2, 2002) (Sheldon, J.), 32 Conn.L.Rptr. 620, 2002 Ct. Sup. 9920. The defendant Morton was not in the course of rendering "hands on" first aid to the plaintiff or directly to any person at the time of the collision. CT Page 2046 He was operating a emergency motor vehicle on his way to perform first aid. It is doubtful whether the operation of an emergency motor vehicle is what the legislature intended when enacting § 52-557b. In any event, there is a genuine issue of material fact as to the meaning of "first aid" and "emergency first aid" as applied to the driving of an emergency vehicle to an event where the defendant Morton may be called upon to render first aid. From the documents and affidavits submitted, the court cannot determine whether the defendant Morton, did in fact, render first aid care to any individuals. Thus, immunity for the defendant Morton is far from established as a matter of law. Additionally, the defendant has offered no evidence as to the course of driver training required for emergency personnel so as to establish that such driver training was a part of the first aid course that must be completed to invoke "Good Samaritan immunity." Id. at 9924.
Allen v. Board of Fire Commissioners, Superior Court, judicial district of Waterbury at Waterbury, No. X02 CV00-0167547 (August 2, 2002) (Sheldon, J.), 33 Conn.L.Rptr. 113, 2002 Ct. Sup. 9909, notes that even emergency vehicle drivers must operate with due care as provided in General Statutes § 14-283, and it is a ministerial duty which a fireman is without discretion not to perform. See also, Green v. City ofNew Haven, Superior Court, judicial district of New Haven at New Haven, No. 342537 (July 14, 1994) (Fracasse, J.), 1994 Ct. Sup. 7112. The plaintiff's present complaint includes allegations of negligence in the defendant Morton's operation of the emergency vehicle, and summary judgment is ill-suited to matters of negligence. The issue of causation is a question of fact for the trier of fact, Abrahams v. Young andRubicam, Inc., 240 Conn. 300, 307, 692 A.2d 709 (1997), and can only become one of law "when the mind of a fair and reasonable person could reach only one conclusion." Id. Accordingly, "issues of negligence are ordinarily not susceptible of summary judgment adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw,193 Conn. 442, 446, 476 A.2d 582 (1984). "Summary judgment is ill-adapted to negligence cases since the conclusion of negligence is normally one of fact." Velardi v. Ryder Truck Rental, Inc., 178 Conn. 371, 374, 423 A.2d 77
(1979). As the defendant Morton as the ambulance driver does not enjoy immunity under § 52-557b, neither does his employer, the Town of Branford.
 II
The defendants next argue that the plaintiff's claim is barred because the plaintiff failed to make "demand" to the Town of Branford and to provide the defendant Morton with notice of intent to bring a claim as required by General Statutes § 7-308. Section 7-308 (b) provides in CT Page 2047 relevant part:
 No action or proceeding instituted pursuant to the provisions of this section shall be prosecuted or maintained against the municipality or fireman unless at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the clerk or corresponding officer of such municipality.
Section 7-308 (b) continues and further provides:
 No action for personal injuries or damages to real or personal property shall be maintained against such municipality and fireman unless such action is commenced within one year after the cause of action therefore has arisen, nor unless notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk or corresponding official of such municipality and with the fireman within six months after such cause of action has occurred.
In the present case the plaintiff gave notice to the Town of Branford by certified mail on January 6, 1999, regarding the motor vehicle accident which occurred on October 31, 1998. The notice was within six months of the accident. Suit was commenced more than thirty days after the accident and within one year from the date of the accident.
The plaintiff concedes that no separate notice was ever sent to the defendant Morton, a fireman, and a second notice was not sent to the defendant Town of Branford. The defendants argue that this failure to provide individual notice to the defendant Morton and a second notice to the defendant Town is fatal to the plaintiff's action.
The plaintiff argues that § 7-308 does not contemplate the filing of two separate documents called "notice" and a "demand" or "claim," but rather, the filing of a single document, giving the plaintiffs notice of intent to commence an action based upon a particular claim or cause of action, which satisfies two different timing requirements as to the date of its filing or presentation. Second, the plaintiff argues, that even if the statute does contemplate the filing of separate documents, her detailed "notice" of intention to commence this action which was presented to the defendant Branford's Town Clerk more than thirty days before this action was commenced, fully satisfied both statutory requirements. CT Page 2048
The obvious purpose of the notice requirement in § 7-308, as with most statutory notice requirements, is to warn potential defendants that they are facing possible civil liability; to draw their attention to a specific incident which is claimed to give rise to such liability; and to enable the defendants to gather evidence about that incident, while the evidence is fresh, so that the defendants might prepare a defense or attempt to reach a settlement prior to the filing of suit. Allen v. Boardof Fire Commissioners, supra, at 9912.
This court agrees with the holding in Allen v. Board of FireCommissioners, supra, which found that the plaintiff's single statutory notice detailing the nature of her claims and the time and the place where her resulting damages were sustained, was timely filed within six months of the defendant Morton's alleged negligence and the accrual of the plaintiff's cause of action. Moreover, this action was not commenced for more than thirty days after the notice was duly presented to the Branford Town Clerk, and the action was commenced within one year of the incident. In finding that the plaintiff's notice is sufficient, this court finds that it is not bound by the decision in Shaw v. IndustrialSafety Supply Co., 23 Conn. Sup. 149 (1962), and a recent decision inBolivar v. Manchester, Superior Court, Complex Litigation Docket at Tolland, Docket No. X07-CV 99 0077296 (April 26, 2002) (Sferrazza, J.),2002 Ct. Sup. 4991, 32 Conn.L.Rptr. 78, insofar that Bolivar holds that § 7-308 requires a separate notice to an individual fireman.
"There is no reason whatsoever for requiring a claimant under § 7-308
to give a municipality double notice of a plaintiff's intent to commence a lawsuit against the municipality . . . the later presentation of a separate document called a `demand' or `claim' would do nothing for a potential municipal defendant that had not already been accomplished by the filing of the statutory notice." Allen v. Board of FireCommissioners, supra, at 9915.
Accordingly, for the foregoing reasons, the court hereby orders that the defendants' motion for summary judgment as to count two of the plaintiff's Revised Complaint, is hereby denied.
Arnold, J. CT Page 2049