[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT #184
The plaintiff alleges that he sustained serious injuries when he fell through an open stairway hole in a house which was under construction while he was on the premises responding to a call in his capacity as a volunteer fire/police officer for the Town of Branford. The named defendants are the owners of the premises, Joseph and Mary Beth Canavan, the general contractor, Barrett Ertelt, d/b/a Hallmark Associates, the framing subcontractor Leonard Cottiero and the subcontractor which was to install the stairways, West Hartford Stairs and Cabinets, Inc. The defendant Leonard Cottiero, hereinafter referred to as "Cottiero" has filed a motion for summary judgment with respect to the fourth count of the plaintiff's complaint dated June 8, 1999. The First Count is directed to the defendants Canavan. The Second Count is directed against the general contractor, while the Third Count is directed against West Hartford Stairs and Cabinets, Inc. This motion is directed to the Fourth Count, alleging negligence, in that Cottiero constructed an insufficient barricade or covering for the open stairway hole. Specifically, the plaintiff alleges that the barricade constructed by Cottiero did not include sufficient guardrails.
The defendant Cottiero in filing his motion for summary judgment, pursuant to Practice Book § 17-44 et seq., argues that he did not breach any duty of care to the plaintiff. The defendant claims that he was not at the subject premises when the plaintiff was injured on June 21, 1997, and had not been on the premises since the prior day. The defendant claims when he left the premises on Friday, June 20, 1997, the hole covering was present, and that he did not return to the premises until Monday, June 23, 1999, two days after the plaintiff's alleged injuries were sustained.
 I
A factual summary reveals that on June 21, 1997, volunteer firefighters from the Town of Branford, Michael Stackpole and Geoffrey Holtz, CT Page 2578-ai responded to a call that a tree branch had fallen on an overhead power wire near 1 Selden Avenue, the subject premises. Firefighters Stackpole and Holtz responded to the scene in their fire truck. They parked the fire truck in front of the Selden Avenue residence, which was then under construction. The firefighters assessed the scene and called the power company to repair the wire. Firefighter Holtz then suggested to Stackpole that they tour the partially constructed premises at 1 Selden Avenue. Shortly thereafter, the plaintiff, who was also a firefighter arrived and subsequently also entered the premises. While inside the premises the plaintiff fell through an open staircase hole falling to the basement from the first floor.
The defendant claims he could not have performed the negligent acts that led to the plaintiff's fall. The defendant argues that the plaintiff's claim is predicated on alleged negligent acts on or before the date of the plaintiff's accident. The defendant's interpretation of the Fourth Count is that the alleged negligence claimed by the plaintiff is the failure to cover the opening. The defendant, who admits in deposition testimony that he constructed the covering over the staircase opening, argues that the covering was in place, the day before the plaintiff's fall, when the defendant was last at the premises.
The plaintiff argues that the negligent acts by the defendant that are alleged in the Fourth Count are not that the defendant failed to cover the open stairway hole, but rather, that the defendant constructed an insufficient cover or barricade, and that said cover or barricade constructed by the defendant did not have any guardrails.
It is noted that there is no claim in the subject motion for summary judgment that the plaintiff's claim against the defendant Cottiero is barred by the Firefighter's Rule, or that the plaintiff was a trespasser on the subject premises at the time of the accident.
 II
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 279, 576 A.2d 829 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. FederalIns. Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolanv. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of CT Page 2578-aj material fact. Hertz Corp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 639 A.2d 507 (1994).
The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed.Santopietro v. New Haven, 239 Conn. 207, 225, 682 A.2d 106 (1996). The issue of causation is a question of fact for the trier of fact, Abrahamsv. Young and Rubicam, Inc., 240 Conn. 300, 307, 692 A.2d 709 (1997), and can only become one of law "when the mind of a fair and reasonable person could reach only one conclusion." Id. Accordingly, "issues of negligence are ordinarily not susceptible of summary judgment adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw,193 Conn. 442, 446, 476 A.2d 582 (1984). "Summary judgment is ill-adapted to negligence cases, since the conclusion of negligence is normally one of fact." Velardi v. Ryder Truck Rental, Inc., 178 Conn. 371, 374,423 A.2d 77 (1979). Nonetheless, "[t]he issue of whether [a] defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 660 (1997).
 III
"The elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury . . . The existence of a duty is a question of law and only if such duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Citations omitted, internal quotation marks omitted.) Maffuci v. Royal Park Ltd.Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998). The plaintiff's claims against the defendant sound in negligence. Therefore, the plaintiff has the burden of proving that the defendant owed a duty to him that was breached, and that the breach was the proximate cause of his injury. Catz v. Rubenstein, 201 Conn. 39, 44, 513 A.2d 98 (1986).
There does not appear to be any dispute by the parties that a covering was constructed for the open stairway hole. The defendant Cottiero admits in his deposition testimony that at the request of the general contractor he constructed a hole covering several weeks prior to the plaintiff's fall. In addition, the defendant Cottiero, in an affidavit submitted with CT Page 2578-ak his motion for summary judgment, admits that he placed the cover over the hole in the first floor leading to the basement, prior to the plaintiff's fall. The covering made of plywood did not have any temporary guardrail or railings around the hole covering. The defendant agrees that if the plywood covering was removed, there would be nothing else around the open hole to prevent or protect a person from falling to the basement. On June 20, 1997, the day before the plaintiff's accident, the cover over the open stairway hole was removed in anticipation that the subcontractor who would be constructing the basement staircase, was to begin work on the following Monday, June 23, 1997. On Saturday, June 21, 1997, the plaintiff fell through the open hole, which was now uncovered.
The duty, which Cottiero owed to the plaintiff is based on the defendant's status as an independent contractor. As such, the defendant Cottiero owed a duty to all those who may foreseeably be injured by the stairway hole and his failure to adequately and properly safeguard the subject hole. Minton v. Krish, 34 Conn. App. 361, 367-68, 642 A.2d 18
(1994). The Minton court quoted Prosser on the current state of the law: "It is now the almost universal rule that the contractor is liable to all those who may foreseeably be injured by the structure, not only when he fails to disclose dangerous conditions known to him, but also when the work is negligently done. This applies not only to contractors doing original work, but also to those who make repairs, or install parts, as well as supervising architects and engineers. There may be liability for negligent design, as well as for negligent construction." W. Prosser W. Keeton, Torts (5th Ed.) 104A, p. 723; Id., 517.
The Minton court, in effect, adopted and referred to Section 385 of Restatement (Second) Torts.
§ 385. Persons Creating Artificial Conditions on Land on Behalf of Possessor: Physical Harm Caused After Work has been Accepted.
One who on behalf of the possessor of land erects a structure or creates any other condition thereon is subject to liability to others upon or outside of the land for physical harm caused to them by the dangerous character of the structure or condition after his work has been accepted by the possessor under the same rules as those determining the liability of one who as manufacturer or independent contractor makes a chattel for the use of others.
Minton concludes with an endorsement of the application of a foreseeability test to this area. "The defendant's liability is not precluded by the fact that his work had been completed and accepted. Rather his liability hinges on foreseeability of injury to the CT Page 2578-al plaintiff." Lanzi v. The Great Atlantic Pacific Tea Company, Superior Court, judicial district of Ansonia/Milford at Milford, No. CV95 0050551 (April 10, 2000) (Corradino, J.), 2000 Ct. Sup. 4088, quotingMinton v. Krish, supra 34 Conn. App. at 368.
In assuming the responsibility for constructing a covering for the open stairway hole, and by, in fact, actually constructing the covering, the defendant had an obligation to construct a reasonably safe barricade. Whether or not the cover constructed by the defendant Cottiero was reasonably safe is clearly a factual question for the trier of fact. Whether the stairway hole should have been covered or whether temporary guardrails should have also been constructed and installed by the defendant is also a question of fact. Whether the defendant Cottiero was in possession or control of the premises at the time of the plaintiff's accident is of no consequence. Minto v. Krish, supra at 367.
Accordingly, for the reasons set forth herein, the defendant Cottiero's motion for summary judgment is hereby denied.
The Court
By: Arnold, J. CT Page 2578-am