ANN P. DIAMOND *v.* YALE UNIVERSITY
(AC 19602)

Landau, Mihalakos and Daly, Js.

Argued March 19—officially released November 13, 2001

*John R. Williams,* for the appellant (plaintiff).

*Patrick M. Noonan,* with whom, on the brief, was *Kevin C. Shea,* for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Ann P. Diamond, appeals from the judgment of the trial court rendered in favor of the defendant, Yale University, following a jury trial. On appeal, the plaintiff claims that the court improperly refused to permit the jury to consider the totality of the defendant's conduct in determining whether the plaintiff was entitled to prevail on her claim for inten-

tional infliction of emotional distress. We affirm the judgment of the trial court.

The present action arises out of an employment dispute between the parties. In the second count of her complaint, the plaintiff alleged a cause of action sounding in intentional infliction of emotional distress. At the conclusion of the plaintiff's case, the defendant filed a motion for a directed verdict as to, inter alia, her claim for intentional infliction of emotional distress. The court granted the motion, in part, by removing certain allegations from the plaintiff's complaint that, as a matter of law, did not constitute extreme and outrageous conduct.[1] The plaintiff objected and asked the court to instruct the jury to consider the defendant's conduct in its totality, not the individual allegations of extreme and outrageous behavior. The court refused to instruct the jury to consider the totality of the defendant's conduct. In rendering its verdict, the jury was asked to consider and to respond to extensive interrogatories. With respect to the plaintiff's claim of intentional infliction of emotional distress, the jury was asked to answer questions as to whether the plaintiff had proven the elements of the tort.

"For the plaintiff to prevail on a claim of intentional infliction of emotional distress, four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was

---

[1] "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted.) *Muniz* v. *Kravis*, 59 Conn. App. 704, 708, 757 A.2d 1207 (2000).

severe." (Internal quotation marks omitted.) *Dollard* v. *Board of Education*, 63 Conn. App. 550, 553–54, 777 A.2d 714 (2001).

The first interrogatory concerning emotional distress stated: "(6) Has the plaintiff proven by a fair preponderance of the evidence that the defendant intended to inflict emotional distress or that it knew or should have known that emotional distress was the likely result of its conduct? Yes___ No___ If the answer to question (6) is yes, go to question (7). If the answer to question (7) [sic] is no, do not answer any more questions. Your foreperson should then sign and date this form." The jury answered "no" to interrogatory six. The jury therefore never considered whether the defendant's alleged conduct was extreme and outrageous. Consequently, there is no basis for the plaintiff's claim on appeal and we need not address it.

The judgment is affirmed.