[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE 
Before the court is the defendant's motion to strike. For the following reasons, the court grants the defendant's motion.
 I BACKGROUND
Michael E. Callahan, the plaintiff, has filed suit against Lawrence H. Hennessy, the defendant. In the first and fourth counts of the amended complaint (#115), respectively, the plaintiff's lawsuit alleges that the defendant intentionally and negligently inflicted emotional distress on the plaintiff.
In each of these counts, the plaintiff alleges that the defendant committed certain acts against the plaintiffs two sons, who are ages eight and ten years.[1] The amended complaint alleges that the defendant made the two boys watch him bathe with their mother, that the defendant insisted that the boys be nude in a hot tub with him and their mother while they were also nude, and that the defendant berated the two boys. The plaintiff does not allege that he was present during any of the defendant's conduct.
On July 11, 2001, the defendant filed a motion to strike the first and fourth counts of the revised complaint, dated June 18, 2001 (#109). On October 12, 2001, the court, Gilardi, J., granted the motion. On October CT Page 1896 23, 2001, the plaintiff filed the amended complaint, pursuant to Practice Book § 10-44. The defendant filed the present motion to strike the first and fourth counts on November 6, 2001. The motion was argued before the court on December 10, 2001.
 II STANDARD OF REVIEW
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "The role of the trial court [in ruling on a motion to strike is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Szczapa v. UnitedParcel Service, Inc., 56 Conn. App. 325, 328, 743 A.2d 622, cert. denied, 252 Conn. 951, 748 A.2d 299 (2000). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." Fields v. Giron, 65 Conn. App. 771, 774, 783 A.2d 1097, cert. denied, 258 Conn. 936, 785 A.2d 230 (2001). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted.)Gazo v. City of Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "A motion to strike . . . does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641, 694, 748 A.2d 834
(2000).
 III DISCUSSION
The defendant argues that the first count, alleging intentional infliction of emotional distress, is legally insufficient because it fails to allege extreme and outrageous conduct. The defendant contends that the fourth count is legally insufficient because it alleges CT Page 1897 bystander emotional distress yet fails to allege the necessary elements.
 A Intentional Infliction of Emotional Distress
"For the plaintiff to prevail on a claim of intentional infliction of emotional distress, four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Diamond v. Yale University,66 Conn. App. 764, 765-66, 786 A.2d 518 (2001). The defendant contends that the plaintiff has failed to allege the second element of intentional infliction of emotional distress. The court agrees.
The court first notes that the elements for intentional infliction of emotional distress are derived from 1 Restatement (Second) of Torts, § 46(1) (1965). A reading of the Restatement (Second) reveals to what extent an actor's conduct may be extreme and outrageous when directed at a third person but causes injury to another person. "Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress (a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or (b) to any other person who is present at the time, if such distress results in bodily harm." (Emphasis added.) 1 Restatement (Second) of Torts § 46(2) (1965).
Though subsection (2) has not been adopted by our Supreme or Appellate Courts, the Restatement (Second) of Torts § 46 has been cited with approval in several decisions. See Appleton v. Board of Education ofStonington, 254 Conn. 205, 211, 751 A.2d 1059 (2000); Petyan v. Ellis,200 Conn. 243, 253, 510 A.2d 1337 (1986); Morris v. Hartford CourantCo., 200 Conn. 676, 685, 513 A.2d 66 (1986); Ancona v. ManafortBrothers, Inc., 56 Conn. App. 701, 711, 746 A.2d 184, cert. denied,252 Conn. 954, 749 A.2d 1202 (2000); Bell v. Board of Education,55 Conn. App. 400, 409, 739 A.2d 321 (1999); Barry v. Posi-SealInternational, Inc., 36 Conn. App. 1, 19, 647 A.2d 1031, cert. denied,231 Conn. 942, 653 A.2d 822 (1994). Because of the Restatement (Second) of Tort's favor in our appellate courts, this court adopts the rule stated in § 46(2). See also Talbot v. Kirkup, Superior Court, judicial district of New London at New London, Docket No. 551986 (September 20, 2000, Corradino, J) (requiring contemporaneous sensory CT Page 1898 perception by the parent concerning claim of intentional infliction of emotional distress on parent resulting from conduct involving alleged substandard care directed at the child).
Nowhere does the plaintiff allege that he was present when the alleged conduct occurred. Accordingly, count one is legally insufficient. Under the circumstances, the court need not determine whether the conduct, as alleged, was extreme and outrageous.
 B Negligent Infliction of Emotional Distress
The defendant argues that the plaintiff has alleged bystander emotional distress but has failed to allege the necessary elements. As stated in the previous opinion in this case, in order to succeed in proving a claim for bystander emotional distress the plaintiff must allege and prove four conditions: "(1) that the bystander must be closely related to the injury victim, (2) the emotional distress must be caused by contemporaneous sensory perception, (3) the injury to the victim must be substantial and (4) the emotional distress to the bystander must be severe." Callahan v.Hennessy, Superior Court, judicial district of Middlesex at Middletown, Docket No. 093104 (October 12, 2001, Gilardi, J.). See Clohessy v.Bachelor, 237 Conn. 31, 56, 675 A.2d 852 (1996). The plaintiff contends, however, that he has not alleged bystander emotional distress, since the actions were allegedly directed at the plaintiff and, therefore, the defendant need not meet the requirements which the Supreme Court has imposed upon bystander emotional distress claims.
Count four incorporates by reference the facts set forth in count one, including: "[f]rom early 1999 until the present, in the Town of Middlefield, the defendant, with malice, has engaged in a continuous pattern of verbal and emotional abuse and humiliation directed against[the plaintiff's boys] for the specific purpose of injuring the boys and of inflicting emotional distress upon the plaintiff." (Emphasis added.) (Amended Complaint, Count 4, ¶ 3.) The plaintiff then alleges that the defendant negligently failed to change his conduct. (Amended Complaint, Count 4, ¶ 13.) The fourth count clearly alleges conduct directed towards the plaintiffs sons.[2]
The plaintiff is a "bystander" in the classical sense. Injury was not directly inflicted upon him. Rather, he claims that his sons were subjected to the conduct described above, in part as a method of inflicting emotional injury on him. He alleges that because of the conduct to which his sons have been subjected, he has suffered emotional distress. This fits the definition of a claim for bystander emotional CT Page 1899 distress.
Other cases in the Superior Court agree with this court's position. InTalbot v. Kirkup, Superior Court, judicial district of New London at New London, Docket No. 551986 (September 20, 2000, Corradino, J.), the court struck counts alleging negligent child care which sought damages for emotional distress suffered by the parents. In particular, the court focused on the contemporaneous sensory perception requirement of Clohessyv. Bachelor, supra. The court concluded that since there was noallegation of a breach of a duty owed by the care-giver defendant, ascare-giver, to the plaintiffs-parents, the contemporaneous sensoryperception requirement applied. See id. Likewise, here there is noallegation of such a duty by the defendant to the plaintiff.
In Hendrickson v. Frick, Superior Court, judicial district of Middlesex at Middletown, Docket No. 066630 (April 15, 1993, Higgins, J.), a pre-Clohessy v. Bachelor case, the plaintiff brought suit against a defendant who had molested her daughter, when the daughter was a minor. Like the plaintiff in the present case, the Hendrickson plaintiff/parent was not present at the time of the conduct directed at her daughter.[3]
Judge Higgins found that "[t]he plaintiffs have failed to allege . . . that [the mother] was present when the defendant sexually assaulted her daughter. . . . Absent an allegation that [the mother] was at the scene of the injury-producing event, the defendant's motion to strike the plaintiffs' cause of action for bystander emotional distress is granted." Id. The court agrees with this stance.[4]
Finally, the court finds that applying the limits of bystander emotional distress to this case promotes the policy that the Supreme Court had in mind when it first imposed the limitations in extending a tortfeasor's liability to a third party in a situation which meets the requirements. "We recognize that those limitations, albeit somewhat arbitrary, are necessary in order not to leave the liability of a negligent defendant open to undue extension by the verdict of sympathetic juries, who under our system must define and apply any general rule to the facts of the case before the. . . . Prosser, Torts (4th Ed.) § 54, p. 335." (Internal quotation marks omitted.) Clohessy v. Bachelor, supra, 237 Conn. 51. As the Supreme Court reiterated in Mendillo v. Boardof Education, 246 Conn. 456, 482, 717 A.2d 1177 (1998), "the scope of the tortfeasor's third party liability, measured only by pure rules of forseeability could lead to unlimited liability." (Internal quotation marks omitted.) Accordingly, the court must now determine whether the plaintiff has alleged the necessary predicates for a bystander emotional distress claim.
The plaintiff has failed to allege the second limitation, i.e., that CT Page 1900 the distress was caused by contemporaneous sensory perception of the injury. In addition, the plaintiff has not met the third requirement, that the injury must be substantial. To meet this requirement, the plaintiff must allege that the victim's injury resulted in his or her death or serious physical injury. See Clohessy v. Bachelor, supra,237 Conn. 56. No such allegation is made here concerning the boys. Accordingly, the fourth count is legally insufficient.
 IV CONCLUSION
In the amended complaint, the only counts set forth are counts one and four, the other counts of the original complaint having been withdrawn. For the reasons stated herein, the defendant's motion to strike (#116) the amended complaint is hereby granted. It is so ordered.
BY THE COURT
 ___________________ ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT