[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #126
 FACTS
On August 23, 2000, the plaintiffs, Richard Delorge and Sandra Delorge, filed an amended complaint against the defendant, United States Fire Insurance Company, alleging unfair settlement practices. The plaintiffs allege the following facts. The plaintiffs reside at 124 Newton Street, Norwich, Connecticut. At all relevant times, Joseph Grillo (Grillo) the plaintiffs' neighbor, resided at 125 Newton Street, Norwich, Connecticut. The plaintiffs further allege that Grillo "engaged in electronic wiretapping, taping and eavesdropping of the plaintiffs' home." Subsequently, Grilbo turned the tapes over to Joseph Carlini, CT Page 10479 chairman of the Mashantucket Pequot Gaming Commission, and Samuel Grilbo, executive director of the Mashantucket Pequot Gaming commission for an undisclosed purpose. The plaintiff, Richard Delorge, was subsequently injured in a motor vehicle accident. The driver of the vehicle that struck the plaintiff, Richard Delorge, was insured by the defendant. The plaintiffs submitted a claim and settlement offer to the defendant. The defendant allegedly refused to "fairly adjust the plaintiffs' claims."
Count one of the plaintiffs' complaint alleges that the defendant violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., more specifically 42-110b. In count two, the plaintiffs allege that the defendant intentionally intruded upon the plaintiffs' solitude and private affairs. Count three alleges intentional infliction of emotional distress. Count four alleges negligent infliction of emotional distress. Count five and six have been withdrawn.
Pursuant to Practice Book § 10-39, on November 2, 2000, the defendant moved to strike the plaintiffs' amended complaint in its entirety. The defendant submitted a memorandum of law is support. On April 26, 2002, the plaintiffs submitted a memorandum of law in opposition to the defendant's motion to strike.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[W]e construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well pleaded facts . . . are taken as admitted." (Internal quotation marks omitted.) Id. "Moreover, . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) Lombardv. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
 Count I
In support of its motion to strike count one, the defendant argues that CT Page 10480 the plaintiffs have not sufficiently alleged a CUTPA cause of action. Specifically, the defendant argues that the plaintiffs can not assert a CUTPA claim based upon unfair claim settlement practices without first meeting the requirements of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815 et seq., more specifically § 38a-816 (b). The defendant argues that, pursuant to the terms of CUIPA, the plaintiffs must allege that the defendant took part in a "general business practice." The defendant argues that the plaintiffs have alleged only an isolated incident of conduct which, standing alone, is insufficient to support a CUTPA claim based on an alleged unfair settlement practice. In support of their CUTPA claim, the plaintiffs argue that it is not necessary to allege a CUIPA violation in order to bring a CUTPA cause of action against an insurance provider.
CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). CUIPA provides that "[n]o person shall engage in this state in any trade or practice which is defined in section 38a-816 as . . . an unfair method of competition and an unfair or deceptive act in the practice of insurance. . . ." General Statutes § 38a-815. Pursuant to General Statutes § 38a-816 (b), unfair and deceptive acts or practices in the business of insurance includes "[u]nfair claim settlement practices." "[A] CUTPA claim based on an alleged unfair claim settlement practice prohibited by § 38a-816 (6) required proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant with such frequency as to indicate a general business practice." (Internal quotation marks omitted.) Lees v. Middlesex Ins. Co., 229 Conn. 842,850, 643 A.2d 1282 (1994).
In the complaint, the plaintiffs allege that the defendant took part in an unfair settlement practice with respect to their claim. The plaintiffs allege that they "presented their claim and settlement demand . . . to the defendant's adjuster." The defendant allegedly "obtained possession of some of the unlawfully recorded tapes of the plaintiffs' telephone conversations." Relying on the contents of the unlawfully obtained tapes, the defendant refused to "fairly adjust the plaintiffs' claims." The plaintiffs further allege that the defendant used the tapes to "force and extort a settlement which did not properly compensate the plaintiffs for their damages." "[F]or a plaintiff to allege CUIPA and CUTPA violations successfully the plaintiff must allege more than a singular failure to settle a plaintiffs claim fairly. The plaintiff must allege that the defendant has committed the alleged wrongful acts with such frequency as to indicate a general business practice." Quimby v. KimberlyClark Corp., 28 Conn. App. 660, 671, 613 A.2d 838 (1992). The plaintiffs CT Page 10481 in the present case do not allege that the defendant treated other claimants in a similar manner or that the defendant's wrongful conduct was sufficient to constitute a general business practice." "The failure to properly allege the facts of a CUIPA violation are fatal to the plaintiffs CUTPA count." Delpier v. Connecticut Interlocal RiskManagement, Superior Court, judicial district of Waterbury, Docket No. CV 01 0164366 (November 28, 2001, Pittman, J.) (31 Conn.L.Rptr. 97, 99). The defendant's motion to strike count one is granted.
 Count II
In support of its motion to strike count two, the defendant argues that the plaintiffs have failed to state a proper claim for invasion of privacy by unreasonable intrusion upon the seclusion of another. Specifically, the defendant argues that the plaintiffs have not alleged that the defendant intentionally intruded upon the plaintiffs' solitude. In opposition, the plaintiffs argue that the allegations in the complaint are sufficient to support this cause of action.
"[T]he law of privacy has not developed as a single tort, but as a complex of four distinct kinds of invasion of four different interests of the plaintiff, which are tied together by the common name, but otherwise have almost nothing in common except that each represents an interference with the right of the plaintiff to be let alone. . . . The four categories of invasion of privacy are set forth in 3 Restatement (Second), Torts 652A as follows: (a) unreasonable intrusion upon the seclusion of another; (b) appropriation of the other's name or likeness; (c) unreasonable publicity given to the other's private life; or (d) publicity that unreasonably places the other in a false light before the public. Indeed, these four categories have been adopted by a number of courts that have recognized the privacy right of action." (Citation omitted; internal quotation marks omitted.) Goodrich v. WaterburyRepublican-American, Inc., 188 Conn. 107, 127-28, 438 A.2d 1317 (1982).
"The Connecticut Appellate Courts have yet to set forth the necessary elements of an unreasonable intrusion claim." Fields v. Kichar, Superior Court, judicial district of Tolland at Rockville, Docket No. CV 9454868 (May 2, 1995, Klaczak, J.) (14 Conn.L.Rptr. 230, 231). Several Superior Courts, however, have held that "in order to establish a claim for unreasonable intrusion upon the seclusion of another, the plaintiffs must prove an intentional physical intrusion [by the defendant] upon the private affairs or concerns of the plaintiffs which would be highly offensive to a reasonable person." (Internal quotation marks omitted.)Tapia v. Sikorsky Aircraft Division, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 95 327761 (May 28, 1998,Stodolink, J.). CT Page 10482
The plaintiffs allege that the defendant "knew or should have known that its conduct constituted an intentional intrusion of the plaintiffs' solitude and private affairs and would be highly offensive to them as it would be to any reasonable person." Construing the complaint in the manner most favorable to sustaining its legal sufficiency, the plaintiffs set forth a valid claim for invasion of privacy by unreasonable intrusion upon the seclusion of another. "Whether that intrusion is highly offensive to a reasonable person is for a jury to decide. . . ." (Internal quotation marks omitted.) Fallstrom v. L.K. Comstock Company, Inc., Superior Court, judicial district of Waterbury, Docket No. CV 99 0152583 (January 22, 2001, Rogers, J.). The defendant's motion to strike count two of the plaintiffs' complaint is denied.
 Count III
In support of its motion to strike count three, the defendant argues that allegations in the plaintiffs' complaint are insufficient to support a claim for intentional infliction of emotional distress. Specifically, the defendant argues that the conduct alleged in the complaint is not extreme and outrageous, nor is the injury sustained severe. The plaintiffs' argue that, based on the allegations in the complaint, they have set forth a valid claim.
"In order for the plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." Appleton v. Board of Education,254 Conn. 205, 210, 757 A.2d 1059 (2000). "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." Diamond v. Yale University, 66 Conn. App. 764, n. 1, 786 A.2d 518, cert. denied, 259 Conn. 906, 789 A.2d 994 (2001).
In this case, the plaintiffs' complaint contains specific factual allegations. The plaintiffs allege that the defendants knowingly violated both federal and state law when it prepared transcripts from the unlawfully recorded tapes. The plaintiffs further allege that the defendant attempted to use the unlawfully recorded tapes to "force and extort a settlement." The plaintiffs allege that this "conduct was extreme and outrageous and it intended to inflict emotional distress and CT Page 10483 anguish upon" the plaintiffs. As a result of the defendants conduct, the plaintiffs' allege that they suffered "extreme physical and emotional distress." The plaintiffs have sufficiently alleged the elements of intentional infliction of emotional distress. Accordingly, the defendant's motion to strike count three is denied.
 Count IV
The defendant moves to strike count four of the plaintiffs' complaint on the ground that the plaintiffs have failed to sufficiently allege a cause of action for negligent infliction of emotional distress. Specifically, the defendant argues that the plaintiffs did not allege that it owed them a duty of care. The plaintiffs do not argue in opposition to this particular argument. Rather, the plaintiffs argue that the defendant may be subject to a claim of negligence even though "the plaintiffs were not an insured nor had a contractual relationship with the defendant."
"A cause of action for negligent infliction of emotional distress . . . requires that the facts alleged by the [pleader] demonstrate the elements necessary to establish negligence." (Internal quotation marks omitted.) Clark v. New Britain General Hospital, Superior Court, judicial district of New Britain, Docket No. CV 99 0496131 (July 6, 2001,Shapiro, J.). "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998). "[T]o state a claim for [negligent infliction of emotional distress] the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Parsons v. United TechnologiesCorp., 243 Conn. 66, 88, 700 A.2d 655 (1997).
In the present case, the plaintiffs allege that the defendant "should have realized that its conduct involved an unreasonable risk of causing . . . emotional distress and anguish and that distress . . . might result in illness or bodily harm." The plaintiffs do not, however, allege the elements necessary to establish negligence. Accordingly, the defendant's motion to strike count four is granted.
 CONCLUSION
For the foregoing reasons, the defendant's motion to strike counts one and four of the plaintiffs' complaint are granted. The defendant's motion to strike counts two and three are denied. CT Page 10484
D. Michael Hurley, JTR